MICHIGAN TRUST COMPANY, EXECUTOR OF THE ESTATE OF JOHN W. MOON, DECEASED, ET AL., APPELLANTS, V. CITY OF RED CLOUD, APPELLEE.

FILED JULY 3, 1903.   No. 12,272.

1. Appeal: PRESUMPTIONS.   The usual presumptions, in favor of a finding of the trial court, do not obtain, on appeal in an equity case.

2. Foreclosure: PETITION.   A bank issued certificates of deposit which were guaranteed by its directors, and secured by trust deeds given by the guarantors and a stockholder on their individual

property; the guarantors giving trust deeds to secure the pay-
ment of the certificates; a petition filed by the holder of one of
the certificates, for the foreclosure of the trust deed, given by
the stockholder, alleges that the plaintiff recovered a judgment
at law against the bank, and that an execution issued thereon
has been returned unsatisfied. *Held,* That such allegation does
not relieve the plaintiff from conforming to the requirements
of section 850 of the code, requiring a petition for foreclosure to
state whether any proceedings at law have been had for the
recovery of the debt secured by the instrument sought to be
foreclosed.

APPEAL from the district court for Webster county: ED
L. ADAMS, DISTRICT JUDGE. *Former judgment vacated and
decree of district court reversed.*

*Addison S. Tibbets, George W. Tibbets* and *C. F. Morey,*
for appellants.

*George R. Chaney, contra.*

ALBERT, C.

This case is before us a second time. The former opin-
ion is reported in 3 Neb. (Unof.) 722, where the facts are
set forth at length.

1. As on the former hearing, the sufficiency of the peti-
tion is assailed on the ground, among others, that it fails
to comply with sections 850 and 851 of the code, which re-
quire a petition for the foreclosure of a mortgage to state
whether any proceedings at law have been had for the re-
covery of the debt secured by the mortgage sought to be
foreclosed. The petition in this case deals with the trust
deed as a mortgage, and the decree is an ordinary decree
of foreclosure, hence, the sufficiency of the petition is to
be tested by the rules governing pleadings in actions
brought for the foreclosure of mortgages.

The sections above referred to are as follows:

Section 850. "Upon filing a petition for the foreclosure
or satisfaction of a mortgage, the complainant shall state
therein whether any proceedings have been had at law for
the recovery of the debt secured thereby, or any part

thereof, and whether such debt, or any part thereof, has been collected and paid."

Section 851. "If it appear that any judgment has been obtained in a suit at law for the money demanded by such petition, or any part thereof, no proceedings shall be had in such case, unless, to an execution against the property of the defendant in such judgment, the sheriff or other proper officer shall have returned that the execution is unsatisfied in whole or in part, and that the defendant has no property whereof to satisfy such execution except the mortgaged premises."

The petition is wholly silent as to the matters mentioned in the sections just quoted. It does, however, allege the recovery of a judgment against the banking company on the indebtedness sought to be enforced in this action, and the return unsatisfied of an execution issued thereon. In the former opinion it was held that such allegation was a sufficient compliance with said sections. A reexamination of the question satisfies us that our former conclusion on that question is wrong. The banking company was the principal debtor and four of the grantors under the trust deeds guarantors on the certificates. The plaintiff had a remedy at law, not only against the principal debtor, but against the grantors. It also had its remedy in equity against the trust property. The object of section 850 is to prevent a creditor from pursuing its remedy at law and in equity concurrently. *Hargreaves v. Menken*, 45 Neb. 668. Hence, the allegation showing the extent to which the plaintiff had pursued its remedy at law against the principal debtor, falls far short of showing that when this action was brought, the plaintiff was not proceeding by concurrent actions at law against the guarantors of the certificates, secured by the trust deed sought to be foreclosed in this action; for that reason the petition fails to comply with the requirements of that section. That a petition for the foreclosure of a mortgage, which fails to comply with such requirements, is insufficient to support the decree is settled by numerous authorities, among which

are the following: *Jones v. Burtis,* 57 Neb. 604; *Kirby v. Shrader,* 58 Neb. 316; *Miller v. Nicodemus,* 58 Neb. 352.

2. But there is another question in this case which goes more to the merits of the controversy, and that is: Whether the written directions, prescribing the order in which the trust property was to be sold, and which accompanied the trust deeds at the time of their delivery, are binding on the beneficiaries; because, if they are, it necessarily follows that the property of the banking company and of the resident stockholders should be exhausted, before the plaintiff in this case should be permitted to resort to that covered by the trust deed sought to be foreclosed. On the former hearing, we resolved this question against the appellant, on the ground that there was sufficient evidence to support a finding that such directions were merely the result of an agreement between the grantors, to which the beneficiaries were not parties. The evidence which we held sufficient to that end is set out in the former opinion; an examination of it will disclose that, so far as it touches the precise question before us, it is more in the nature of a conclusion or an opinion of the witness, as to the legal effect of the transaction, than of what actually occurred.

Besides, its force is somewhat weakened by some inaccuracies in the testimony of the witness taken as a whole, which go to show that his recollection of the transaction is not entirely clear. For example, he testifies that the trust deeds were all alike, and in no manner different as to their terms and conditions. The record discloses a substantial difference between the trust deed involved in this case, and those given by the other grantors. Again, he testifies that the grantor under this deed was a director as well as a stockholder of the banking company. Such is not the case; he was merely a stockholder. Standing opposed to the testimony of that witness, is that of two other witnesses, to the effect, that the written directions accompanied the trust deeds at the time of their delivery in escrow, and as part of the same transaction. One of these witnesses was the mayor of the defendant city at the

time, and the custodian selected to hold the deeds in escrow. The testimony on this point is all in the form of depositions, so that the trial court was in no better position to weigh it accurately than this court. That being true, and the case being here for trial *de novo*, we cannot give full force to the usual presumptions indulged in favor of the findings of a trial court on conflicting evidence. *Gibson v. Hammang*, 63 Neb. 349. While the testimony of none of the witnesses on this point is entirely clear, as to all the details, it conclusively shows that the written directions, as to the order in which this property was to be sold, were delivered to the custodian, mayor of the defendant city, with the trust deeds and as part of the same transaction, to be delivered to the trustee. The fact, standing alone and without explanation, would show, *prima facie*, that such transaction entered into was a part of the contract, and that all prior negotiations between the parties had been included in the written documents, namely, the trust deeds and the written directions, which the parties had settled upon as containing the final propositions, to which they had given their assent. Whatever may have been the prior negotiations of the parties, it is the written contract actually delivered, which the plaintiff seeks to enforce in this action, and it must accept it as an entirety, or not at all. Assuming, then, that the plaintiff should be permitted to show by parol testimony that it was not intended that the written directions accompanying the deeds were to be binding on it and the other beneficiaries, it should be required to establish that proposition by a preponderance of the evidence. This, in our opinion, it has failed to do. On the contrary, the evidence on that question preponderates in favor of the appellants. We are forced to the conclusion, therefore, that the written directions, for the sale of the property in the order therein prescribed, were a part of the contract whereby the trust was created.

The legal effect, then, of the power of sale contained in the trust deed in question, taken in connection with those

directions, is that the trustee is authorized to sell so much of the property therein described, as may be necessary to discharge the indebtedness secured thereby and remaining unpaid after the proceeds of the sale of the other trust property has been exhausted. It is only after such other property has been exhausted, that resort may be had to the property in controversy. That such other property has not been exhausted is conclusively established by the evidence. It follows, therefore, that the decree of the district court can not be sustained.

3. In view of the recommendation we intend to make in this case, it is proper at this time to notice another feature of the trust deed sought to be foreclosed. The power of sale authorizes the trustee to sell so much of the property, not exceeding ten thousand dollars' worth, as may be necessary to pay the amount due on the certificates; then follows a provision to the effect that the grantor shall be entitled to a reconveyance of the property from the trustee, upon the payment or deposit, by the grantor, of ten thousand dollars, "or so much thereof as may be necessary to pay his *pro rata* share of the amount due on the debt secured." It is contended that as there were five parties who gave security for the payment of the certificates, the *"pro rata"* share of the appellants' testator would be one-fifth. We do not consider that a proper construction of the contract, taken in its entirety. The certificates were not guaranteed by the testator, and he was not a party to the contract of guaranty indorsed on them. He merely pledged his property, to the extent of ten thousand dollars' worth, for their payment. Hence, aside from such liability as might arise from his being a stockholder, the certificates imposed upon him no personal liability. From the transaction, taken as a whole, we think it is clear that by the use of the phrase, "his *pro rata* share," the parties did not intend to convey the idea that he was to share equally with the guarantors in the payment of the debt. The true construction of the provisions of the trust deed under consideration is, we think, that the property conveyed, to the extent of ten

thousand dollars' worth, should stand as security for the debt, and that the grantor should be entitled to redeem at any time, by the payment of that sum to the trustee, or such sum as would bear the same relation to the debt remaining unpaid at the time of redemption, as ten thousand dollars bore to the original amount of the debt. It seems to us this is the only construction that is consistent with the rest of the contract.

The conclusion reached on the second proposition discussed in this opinion is not only fatal to the decree of the trial court, but is an insuperable obstacle to a recovery in this action, in the form it is brought. But we do not think the suit should be dismissed. A part of the trust property is before the court and there is no trustee. We think the plaintiff should be permitted to reform its pleadings, and bring in the necessary parties to enable the district court to enforce the trust according to its terms.

It is therefore recommended that the judgment heretofore entered by this court be vacated, and that the decree of the district court be reversed and the cause remanded for further proceedings.

By the Court: For the reasons stated in the foregoing opinion, it is ordered that the judgment heretofore rendered by this court be vacated, and that the decree of the district court be reversed and the cause remanded for further proceedings.

REVERSED.

SULLIVAN, C. J., concurring.

I agree entirely with the reasoning and conclusion of the commissioner, but think there ought, perhaps, to be some slight elaboration of the views expressed upon one point.

The petition must state whether any proceedings have been had at law for the collection of the debt secured by the mortgage, and whether any part of such debt has been paid. This provision was for the benefit of the debtor. It

was intended to change the former practice, which permitted actions at law and suits in equity to be prosecuted concurrently. This practice was burdensome to the debtor, and the new procedure was designed to relieve him of the needless expense which it involved. *Dimick v. Grand Island Banking Co.,* 37 Neb. 394. The debtor must in the end reimburse his surety; he must not only pay the debt, but also the costs made in collecting it by the foreclosure of a mortgage upon the surety's property. If, therefore, the plaintiff may proceed at law against the principal debtor or some of his sureties, and in equity at the same time against other sureties, it seems clear that he is denied the benefit which it was the purpose of the statute to confer upon him. Practically, there is no difference between concurrent actions against the principal debtor, and concurrent actions against his sureties. In either case the unnecessary expense falls upon him.

The following opinion on motion for rehearing was filed February 4, 1904. *Motion denied:*

SEDGWICK, J.

We are entirely satisfied that the conclusion reached upon the last hearing is right, for the reason given by the commissioner and commented upon by Mr. Chief Justice SULLIVAN. The decree in the lower court was entered upon the pleading of the city of Red Cloud, and the city of Red Cloud is nominally a defendant upon this record. It may well be doubted whether sections 850 and 851 of the code apply to a defendant whose appearance in the proceedings is involuntary, who has an interest in the land to be affected by the decree, and is compelled against his will to come into court and show what that interest is. But this suggestion seems to be without force in this case, for, as shown by Mr. Commissioner DUFFIE in the first opinion filed herein, the city of Red Cloud was not made a party to this proceeding originally, and did not become a party until some time after the issues between the defendant and

plaintiff in the case had been disposed of by the court. The city of Red Cloud then appeared voluntarily in the case, asking for affirmative relief against all of the parties to the litigation and against other parties also. The relief asked for involved the foreclosure of a mortgage for the benefit of the city of Red Cloud, the real plaintiff in these proceedings, and there was, as pointed out in the opinion of Mr. Chief Justice SULLIVAN, no showing in the pleading (which must be regarded as a petition) that there were no proceedings at law pending in which the city of Red Cloud was attempting to recover the indebtedness. This requires a reversal of the decree of the trial court. Because of the unsatisfactory and confused condition of the evidence in the record, we adhere to the conclusion at the last hearing, that this case ought to be retried in the district court, and, for the same reason, we think that this retrial ought not to be limited or affected by anything said in the opinion of the commissioner, in discussing the weight or sufficiency of the evidence upon the former hearing of conclusions of fact to be derived from such evidence. With this modification, we think that the opinion upon the last hearing is correct and the motion for rehearing is therefore overruled.

Since the opinion was prepared there has been filed, without leave of court, a second brief on the motion for rehearing, in which it is insisted that there is matter in the answer to the cross-petition which should be construed as presenting the issue, that other actions were pending on the indebtedness involved. This contention is too late to be considered for the purpose of a rehearing.

MOTION DENIED.