MICHIGAN TRUST COMPANY, EXECUTOR, APPELLANT, v. CITY OF RED CLOUD ET AL., APPELLEES.

FILED MAY 3, 1906. No. 14,474.

1. **Trusts:** SUIT TO ENFORCE: JOINDER. Where different persons convey their property in trust for the purpose of securing the same debt, it is not a misjoinder of causes of action to unite them all as parties in a single action for the purpose of enforcing the conditions of the trust.

2. **Limitation of Actions.** A debtor in an action instituted in his own behalf is not entitled to appeal to the statute of limitations, in an action to relieve his property from a trust relation, in the absence of fraud, unless it appears that the conditions of the trust have been performed.

APPEAL from the district court for Webster county: ED L. ADAMS, JUDGE. *Affirmed.*

*Tibbets, Morey & Fuller,* for appellant.

*Bernard McNeny, J. R. Mercer* and *John O. Yeiser,* contra.

JACKSON, C.

It is not our purpose to enter into an extended statement of the facts and circumstances involved in this controversy. They are detailed at length in former opinions of this court. *Michigan Trust Co. v. City of Red Cloud,* 3 Neb. (Unof.) 722; 69 Neb. 585. Briefly stated, in 1893, the Farmers & Merchants Banking Company, located at Red Cloud, closed its doors, and for the purpose of liquidating its indebtedness entered into an agreement with the creditors for one year's time with which to meet their demands. Certificates of indebtedness were issued, payment of which was guaranteed by certain of the officers and stockholders other than John W. Moon. The persons who thus pledged their personal credit conveyed in trust real estate owned by them to secure payment. John W. Moon, who owned $10,000 of the stock of the bank, resided in the state of Michigan. He owned real estate in Red Cloud, and, joining with his wife, conveyed this real estate in trust as further security for the payment of the bank's indebtedness. C. W. Kaley was named as trustee, the trust deeds were placed in the hands of Charles Weiner to be delivered to Kaley, who refused to accept the trust, Weiner removed from Red Cloud, and the deeds fell into the possession of Isidore Freymark. By the terms of the trust the property of the bank was to be first sold, and the proceeds applied to the payment of the debts of the bank; second, the property of those officers and stockholders other than Moon, and lastly, if a deficiency existed, Moon's property was to be sold and the proceeds, not exceeding the sum of $10,000, applied to the satisfaction of the debts of the bank. The City of Red Cloud was a creditor, a portion of its claim has never been paid, the unpaid balance was reduced to judgment against the bank in January, 1898, execution was issued thereon and returned unsatisfied for want of property upon which to levy. Thereupon Moon commenced an action in the district court against Isidore Freymark for the surrender and cancelation of the deed.

The City of Red Cloud intervened in that action for the purpose of resisting the surrender and cancelation of the deed and having the trust property sold and applied to the satisfaction of its judgment. At the same time it instituted an independent action seeking the same relief. In the meantime Moon died, and the Michigan Trust Company, as executor of his estate, was substituted as a party to the action. The two cases were consolidated, and all of the issues involved are presented in the consolidated action. A former decree was reversed in this court, and before the second trial, agreeably to the suggestion in our opinion, 69 Neb. 585, additional parties were brought into the case, viz., those claiming to own the title to real estate formerly owned by the bank, and those representing the trust property conveyed by the officers and stockholders of the bank other than Moon. The second trial has resulted in a decree favorable to the city of Red Cloud, and the Michigan Trust Company, as executor of Moon's estate, and Robert and Mary Damerell, who claim title to the trust property conveyed by Moon, appeal.

The decree involves property formerly owned by the bank and the trust property conveyed by the officers and stockholders, including Moon, and, following the terms of the contract, directs that the property involved shall be sold in the following order: First, the property of the bank; second, the trust property conveyed by the officers and stockholders of the bank other than Moon; and lastly, if a deficiency remain, the trust property conveyed by Moon, and the proceeds applied to satisfy the demand of the city of Red Cloud. The questions involved in the appeal of the trust company are a misjoinder of causes of action, a defect of parties, the statute of limitation, laches, and the pendency of another action for the collection of the debt. Many assignments are made, but we think all are included under those headings.

The first two will be disposed of together. It is said there are several independent and distinct causes of action set out in the bill on behalf of the city, because the city

seeks in this action to foreclose its lien on property owned by the bank, the separate property of stockholders of the bank other than Moon, as well as property belonging to Moon's estate. There are two reasons why this contention should not be sustained. When Moon instituted the action to procure the cancelation and surrender of the trust deed executed by him, the city was forced to take action in order to preserve its security. It did so, both by intervention and independent action, the proceeding was equitable in its nature, and the court having acquired jurisdiction should retain it for all purposes. Furthermore, all of the property involved was pledged to secure the claim of the city, the trust created should be enforced according to its terms, and in order to do so it was quite necessary that all of the trust property should be before the court. This was clearly pointed out in our opinion, 69 Neb. 585.

As to the plea of the statute of limitations, it appears that the present proceedings were instituted less than two years after the judgment at law was obtained, besides this action was originally instituted by Moon to relieve his property from the terms of the trust. That the indebtedness of the bank to the city remains in part unpaid is beyond controversy, and equity will not relieve his property at his instance from the lien voluntarily created, unless it appears that he has fulfilled his obligation by payment of the debt. The doctrine of laches as applied to the facts in this case was fully discussed and disposed of in 3 Neb. (Unof.) 722, and has become the law of the case.

It is disclosed by the record that at the time the amended bill was filed the city of Red Cloud had instituted proceedings to subject certain property formerly belonging to the bank to the payment of its judgment against the bank, and that action was pending at the time the amended bill was filed, and it is alleged that such proceeding was an action at law within the meaning of the statute, and was a bar to the present proceeding. In view

of the conclusion already reached this contention is without merit. The property of the bank was involved in the trust agreement, and in an action to enforce the performance of a trust each and every item involved therein became a proper subject matter to be dealt with by the court, and the entire matter might be properly disposed of in one action. The issues involved were by the amended petition ingrafted into this action, and we think properly.

But it is said that one of the conditions attached to the delivery of the trust deed by Moon is that his property should not be sold until after all the property belonging to the bank and its resident stockholders, and that the evidence discloses that such property has not been sold. That provision of the contract has been observed and safeguarded by the decree. Again it is said that the guarantee by John W. Moon is void under the statute of frauds, the contract being to answer for the debt or default of another, and that it is not in writing. In connection with this contention it is urged that the finding by the court that Moon was a stockholder in the Farmers & Merchants Banking Company to the amount of $10,000 is unsupported by the evidence. The record contains an admission that Moon was a stockholder in the bank, evidence of his declaration that he had secured the depositors to the full extent of his liability as a stockholder, and the direct evidence of George O. Yeiser that Moon had stock in the bank to the extent of $10,000. It is evident to the writer that the purpose of Moon was to secure the depositors to the extent of his statutory liability as a stockholder, although a different conclusion seems to have been reached in 69 Neb. 585. Upon either theory, however, the statute of frauds cannot be held to apply.

Upon the appeal of the Damerells we think the finding of the trial court that they are not innocent purchasers of the Moon property is amply supported by the evidence. The bill of exceptions in this case contains 621 pages, considerable of that space is devoted to the recording of objections and exceptions necessary, perhaps, to preserve for the consider-

ation of this court the questions involved. This is the fourth time the case has been the occasion of consideration in this court, and there should somewhere be an end of the litigation. In our judgment every issue has been fully and fairly met by the trial court, and rightfully deter-mined under the law and the facts.

We recommend that the decree be affirmed.

ALBERT, C., concurs.

By the Court: For the reasons stated in the foregoing opinion, the decree of the district court is

AFFIRMED.