NORTHWESTERN MUTUAL LIFE INSURANCE COMPANY v. JAMES H. MALLORY, APPELLEE; J. O. MILLIGAN, APPELLANT.

FILED APRIL 17, 1913.   No. 17,137.

1. **Appeal:** EQUITY: ISSUES REVIEWABLE. When a suit in equity, involving several separate and distinct issues, is appealed to this court upon part of such issues only, we are not required by the statute to try the whole case *de novo*. We are simply required to try and independently decide such issues in the case, and such only, as are presented by the appeal.

2. **Mortgages:** FORECLOSURE: SALE: DISTRIBUTION: LIMITATIONS. M. and wife executed a mortgage upon the separate estate of the latter, to secure a loan by a bank to the former. Thereafter the wife died, leaving children surviving her. After her death a decree was entered in favor of the bank in a suit to foreclose its mortgage. Before sale under the decree the husband sold and conveyed his curtesy interest in the land to a codefendant in the suit. *Held:* First. That the purchaser of the curtesy interest was chargeable with knowledge that all he could take under his deed was such interest as his grantor should be found, upon the final order of confirmation and distribution, to have had at the time of the entry of the decree. Second. That the amount required to pay said mortgage should be deducted from such curtesy interest. Third. That, as between the husband and wife and the bank, the husband was the principal debtor and the wife a surety, and that the relation of debtor and creditor did not arise between them until the sale of the property under the decree; until which time the statute of limitations would not begin to run in favor of the husband.

APPEAL from the district court for Dixon county: GUY T. GRAVES, JUDGE. *Affirmed.*

*J. J. McCarthy* and *Paul Hatfield,* for appellant.

*John D. Ware* and *J. M. Paul, contra.*

FAWCETT, J.

James H. Mallory and Mary E. Mallory were husband and wife. In 1903 Mr. Mallory owned some land in South Dakota, and one White owned a quarter section in Dixon

county, this state. Appellee's brief states: "Mr. Mallory made this proposition to Mr. White, that he would exchange his equity in his Dakota farm and pay him $1,200 in cash if he would convey to his wife, Mary E. Mallory, the land involved in this action. This was agreed to and the transfer took place; but Mr. Mallory, in order to pay the $1,200 in cash to Mr. White, was compelled to borrow said money from the Northwestern Mutual Life Insurance Company; and to secure the payment of said $1,200 to said insurance company he asked his wife, Mary E. Mallory, to join him in giving to the insurance company a mortgage on said property. The mortgage then given is the one which the court in this action decreed to be a first lien on said property." On February 15, 1904, Mr. and Mrs. Mallory executed a second mortgage upon the Dixon county land to the Farmers & Traders Bank of Wakefield, Nebraska, for $725. We think the evidence establishes appellee's claim that this money was used by Mr. Mallory in his own business at Council Bluffs, Iowa. This mortgage was decreed to be a second lien. A third mortgage was given by Mr. Mallory alone to John D. Haskell and D. Matthewson for a small amount, which was decreed to be a lien against the curtesy estate of Mr. Mallory. Suit was instituted May 24, 1909, by the insurance company upon the $1,200 mortgage above referred to, and the holders of the second and third mortgages filed answers and cross-petitions praying a foreclosure of their respective mortgages. A decree of foreclosure was entered December 1, 1909. In June or July of 1906 Mrs. Mallory died. On March 30, 1910, Mr. Mallory conveyed his curtesy estate to defendant Milligan. The property was sold under the decree of foreclosure November 22, 1910. The controversy here is over the distribution of the surplus, after the payment of the mortgages to the insurance company and the bank. September 26, 1910, the guardian *ad litem* of the minor children of Mrs. Mallory filed a paper, which he denominated a petition, but which the trial court treated as a motion, in which the court was asked to direct

that the interest of Mr. Mallory, if he is entitled to any, be first applied to the payment of the liens of the insurance company and the bank, together with the costs of the suit, and that the interests of the minors be not applied to the payment of any part of the claim of Haskell and Matthewson, and that all of the surplus left, after the payment of such liens as the court should determine to be liens upon the interests of the minors, be by the court ordered paid over to the minors in equal shares. The decree, after confirming the sale, recites: "And this cause coming on further to be heard on the motion of the guardian *ad litem* for an order of distribution, and the evidence, was submitted to the court." The court then found that the premises sold for $9,000; that the costs were $198.15, leaving a balance of $8,801.85 to be distributed; found the amount due to the insurance company to be $1,539.12, to the bank $1,001.26, to Haskell and Matthewson $66.61; found the curtesy estate of Mr. Mallory to be of the value of $1,797.54, and that the same had been duly conveyed to defendant Milligan. Allowed the guardian *ad litem* $100, to be taxed as costs, and then ordered that the clerk pay to the insurance company the amount found due to it; to the guardian of the minor heirs $5,364.29; to the bank the amount due to it, "out of the curtesy estate of the said J. H. Mallory, now owned by J. O. Milligan," and also the amount due Haskell and Matthewson, "out of the said curtesy estate;" the balance of $729.67 to be paid to defendant Milligan. From this decree defendant Milligan alone appeals.

Appellee now urges that the case is here for trial *de novo*, and asks us to review that part of the decree which ordered the payment of the amount due the insurance company out of the general fund arising from the sale. This we cannot do. None of the parties has appealed from that part of the decree. Where a decree in a suit in equity disposes of more than one distinct and separate issue litigated in the court below, and an appeal is prosecuted by one of the parties as to one of such issues only,

and no cross-appeal is prosecuted by any of the other parties, the only issue which will be considered in this court is the one presented by the appeal. The rule is stated in the second paragraph of the syllabus in the late case of *Tate v. Kloke, ante,* p. 382: "The issues presented by appeal to this court in a suit in equity must be tried *de novo,* and a proper decree entered or directed." In other words, when a suit in equity is appealed to this court we are not required by the statute to try the whole case *de novo.* We are simply required to try and independently decide such issues in the case, and such only, as are presented by the appeal. This rule will not work any hardship upon appellee in the present case, for if we were to re-examine the question the decree of the district court upon that point would have to be affirmed. Conceding that, in procuring the conveyance of the Dixon county land to Mrs. Mallory, the husband was making a gift to her, that gift was diminished, at the moment it was made, by the $1,200 mortgage which had to be given in order that the husband could raise the money which would enable him to make the gift. The giving of the mortgage and the execution of the deed from White to Mrs. Mallory constituted one transaction, and what Mrs. Mallory received was what remained after that transaction was completed.

Appellee also urges that as no answer was filed to the petition of the guardian *ad litem* filed September 26, 1910, appellant Milligan was not entitled to offer any evidence in opposition thereto. Counsel contends that there are two methods, either of which might have been pursued by the guardian *ad litem,* viz., by petition or motion; that, having chosen to pursue the former, the hearing should have been controlled by the general rules as to pleadings. All persons claiming any interest were already before the court. No new parties were attempted to be brought in. The pleading was not verified, nor was any order for making up issues made by the court, or requested by the guardian *ad litem.* Aside from the name which the guard-

ian *ad litem* gave it, the paper was in all essential respects a motion, and the trial court properly so treated it.

The only question we are called upon to decide is as to the money ordered to be paid to the bank. Upon this point the appellant Milligan contends that he purchased the curtesy estate from Mr. Mallory March 30, 1910, for an adequate consideration and without notice of appellee's claim. At the time he purchased the curtesy estate the decree of foreclosure had been entered. Mr. Mallory was a party to the suit. The order of distribution had not yet been made. Milligan knew, at the time he made the purchase, that the title to the land was in Mrs. Mallory at the time of her death, and hence was then in her legal heirs, the minor defendants, and that Mallory had only a curtesy interest therein, and we think he should be held to have had full knowledge that all he could take under his purchase was such interest as Mr. Mallory should be found, upon the final order of confirmation and distribution, to have had at the time of the entry of the decree.

His second contention is that Mallory was not indebted to the estate. It is true that at that time he was not, strictly speaking, indebted to the estate, but he was the principal debtor to the bank upon the note secured by the mortgage of his wife. Their relations then were: Mallory was indebted to the bank, and the estate was surety upon that indebtedness. Until the property was sold by reason of Mallory's failure to pay his obligation, the relation of debtor and creditor did not exist, but as soon as the sale was made that relation arose, and he then became such debtor.

His third contention is that, if the money was given or loaned to Mallory or mingled with his funds, it was afterwards expended by him in making permanent improvements upon the premises. This contention is not sustained by the evidence.

His fourth contention is that more than four years had elapsed since the money was given or loaned, if given or loaned at all, to Mallory, and hence was barred by the

statute of limitations.   This contention must fail for the reasons above given in answer to his second contention.

A careful examination of the record fails to disclose any error, and the judgment of the district court is therefore

AFFIRMED.

REESE, C. J., BARNES and ROSE, JJ., concur.

LETTON, SEDGWICK and HAMER, JJ., not sitting.