ELIZABETH HAMMOND, APPELLEE, v. WILLIAM V. HAMMOND, APPELLANT.

FILED NOVEMBER 15, 1919. No. 21170.

1. **Divorce: DECREE: MODIFICATION: CUSTODY OF CHILD.** In a decree of divorce, a provision for the temporary custody of a child until the further order of the court may be modified on motion.

2. **Appeal: FAILURE TO PLEAD FACTS.** In a suit in equity, a decree, responding to issues fairly raised, fully tried and properly decided under allegations of a petition filed by defendant, will not be reversed on appeal merely because plaintiff in the first instance failed to plead facts, the denial of which would raise such issues.

3. **Divorce: CUSTODY OF CHILD.** In determining the custody of an infant child, the best interest of the child is the controlling consideration.

APPEAL from the district court for Douglas county: ALEXANDER C. TROUP, JUDGE. *Affirmed.*

*M. O. Cunningham,* for appellant.

*Sutton, McKenzie, Cox & Harris,* contra.

ROSE, J.

This is a controversy over the custody of a child named William W. Hammond, who was born in Omaha, June

26, 1918. Plaintiff is the mother and defendant the father of the child. The action is one for divorce on the ground of extreme cruelty. A decree in favor of plaintiff was rendered January 14, 1919, and the custody of the child was committed to defendant's mother, Katherine Hammond, until the further order of the court. On motion filed by plaintiff May 20, 1919, the trial court modified the original decree July 12, 1919, and committed the care and custody of the child to plaintiff, the modification being in the following form:

"This cause came on to be heard on motion of plaintiff to modify the decree as to the possession of William W. Hammond; and the court, having heard the evidence, and being fully advised, finds the plaintiff is entitled to the custody and possession of said child, subject only to the right of the defendant to visit said child at all reasonable times and places; and said defendant be and he is hereby ordered to deliver the custody and possession of said child to the plaintiff."

Defendant petitioned the trial court July 14, 1919, to set aside this order, alleging that it was entered without petition or notice, and that plaintiff was not a proper person to have the care and custody of the child. Upon a trial of the issues raised by the petition and a denial of the allegations thereof, the modification was allowed to stand and the petition of defendant was dismissed. From that judgment he has appealed.

Defendant argues that the trial court, on a mere motion by plaintiff, without notice, did not have jurisdiction to modify the decree by changing the custody of the child. In the action for divorce the record shows:

"The court finds ever since said marriage the said plaintiff has conducted herself toward the defendant as a faithful, chaste and obedient wife.

"The court further finds the defendant, without any excuse or provocation therefor, has been guilty of extreme cruelty toward plaintiff.

"The court further finds the plaintiff has not fully recovered from her sickness growing out of the birth of said child, and for the present, and until the furtner order of the court, the said Katherine Hammond is to continue to have the care and custody of said child."

For the purpose of a "further order" on the question of custody, the case was pending when the district court modified the decree. The record shows on its face that the child had been left with his grandmother temporarily, while plaintiff was ill, and that the provision in respect to custody was subject to modification at any time. The grandmother kept the child on those conditions. Defendant had appeared in the case, and knew that jurisdiction to modify the decree as to custody had been conferred upon and retained by the district court. Rev. St. 1913, sec. 1606; *Everson v. Everson*, 101 Neb. 705. Defendant had notice of the motion through his attorney of record. In a suit in equity like this, pending for the purpose of determining what is for the best interests of the child and of protecting the rights of the mother, if she should recover her health, the notice was sufficient.

The sufficiency of the motion itself to sustain the modification is also challenged, and in this connection it is insisted that the statutory procedure requires a petition, as distinguished from a motion. The relief sought by plaintiff was specifically pointed out in her motion, which reads thus:

"Comes now the plaintiff in the above-entitled cause and moves the court to modify the decree signed and journalized on January 14, 1919, by setting aside paragraph 5 of said decree, and substituting therefor, 'That the plaintiff shall have the care and custody of said child.' "

The custody of the child, in the event of his mother's recovery, was an undetermined issue raised by the original pleadings in a case still pending. For the purpose of determing that issue, those pleadings were suffi-

Hammond v. Hammond.

cient; but, if a contrary view were conceded as a requirement of technical rules of pleading, defendant would not be entitled to a reversal on the ground that the modification was sought by motion, instead of petition. Defendant himself filed in this case a petition, in which he pleaded that plaintiff was an unfit person to have the custody of her child, and that the latter should remain with his grandmother. The issues raised by a denial of these allegations were fully tried, and therefore defendant has not been deprived of any right by plaintiff's failure to file a new petition which would have raised·the same issues.

On the merits of the case, who should have the custody of the child? In contemplation of accouchement, plaintiff went to a hospital, and there remained in distressing helplessness for nearly six months after the child was born. Defendant had abandoned his home with his wife, and she was taken from the hospital to the home of his father and mother, where plaintiff and a brother of defendant also lived. There plaintiff was confined to her bed for three weeks, when she so far recovered as to walk with crutches. These she used for about two months. Afterwards she used a cane, until she could eventually walk without it, though still a cripple. It is established by unchallenged findings of the trial court that "plaintiff has conducted herself toward the defendant as a faithful, chaste and obedient wife," an that "defendant, without any excuse or provocation the defendant has been guilty of extreme cruelty toward plaintiff." Plaintiff left the home of her husband's parents and went to the home of her father, where the family consisted of her father, her sister, her brother and herself. The parents of the child are legally and properly separated. In this unhappy situation, the solemn duty of choosing between the grandmother and the mother is imposed upon the court. In performing this duty, the court exercises the power of the state to act in the interests of the child—an infant ward.

Society is interested in his becoming an honest, useful citizen. To this end, in determining the question of custody, courts look to the interests of the child himself. Prompted by love and a high sense of duty, the grandmother procured the child when he was a few days old, took him to her home, and made him the object of her solicitude and care. That was a proper place for him under the circumstances, and she was worthy of the obligations voluntarily assumed. She treated him as if he were her own child. Strong attachments grew up between them. Separation would naturally shock the child and make his grandmother's heart ache. The consequence of severing such ties, and of depriving the child of the comfort and attention of one who took the place of a mother, and thus created attachments born of love and kindness. is carefully considered. On the other hand, the love of a good mother is recognized as an assurance that in her care the best interests of her child will be subserved. She has a natural claim upon him. To bring him into the world she lingered in "the valley of the shadow of death." She did not forfeit her rights by suffering and misfortune, nor were the yearnings of maternity thus suppressed. She is now able to care for him. If given his custody, he will have as suitable a home as the one he leaves. His new surroundings and prospects will be equally as good. At his age the shock of leaving his grandmother will be temporary. If the ties which bind him to her are loosened, he will form new ones with his mother, which in the order of nature will last a generation longer. Plaintiff seems to have the better claim. Entertaining these views, no error is found in the decree committing to the mother the custody of her child.

AFFIRMED.

SEDGWICK and ALDRICH, JJ., not sitting.