MARY ALICE CHIPPERFIELD, APPELLANT, V WALTER H. CHIPPERFIELD, APPELLEE.

FILED MAY 8, 1931. No. 27711.

*Stewart, Stewart & Whitworth* and *Charles B. Paine*, for appellant.

*A. Gaylord*, contra.

Heard before GOSS, C. J., ROSE, DEAN, GOOD, EBERLY and DAY, JJ.

GOOD, J.

Plaintiff sued for a divorce on the ground of extreme cruelty, and also prayed for custody and control of the minor children of the parties. In his answer defendant denied any cruelty on his part. A trial of the issues resulted in a finding and decree for defendant. Plaintiff appeals.

Plaintiff urges that the court erred in denying her a divorce and in dismissing her cause of action.

We have read the entire record. A detailed review of the evidence in this opinion would serve no useful purpose and might militate against the parties becoming reconciled and resuming the marital relation. We deem it sufficient to say that there is no evidence of any physical injury or violence on the part of defendant. There is some evidence tending to show a lack of that courtesy, affectionate treatment and consideration on the part of each of the parties for the other that should characterize the conjugal relation.

Extreme cruelty, to justify a decree of divorce, where there is no physical injury or violence, must be of such a character as to destroy the peace of mind or seriously impair the bodily health of the unoffending party, or such as destroys the legitimate ends and objects of matrimony. *Myers v. Myers*, 88 Neb. 656; *Ellison v. Ellison*, 65 Neb. 412.

The parties to this action are young people, apparently of good reputation and character. Their language and demeanor as witnesses indicate that each possesses a good education and a high degree of culture. The record indicates that these young people got along nicely, except that they had difficulty in living within the income of defendant. As a clerk in a drug store, he received a salary of $100 a month, and for a time also received from his father the use of a house in which to live, upon his paying the taxes, insurance and upkeep of the property. The record indicates also that plaintiff was an only child, and it tends to show that she was reared with as much luxury as her

fond parents could lavish upon her; that she had not been required to perform household duties until her marriage, and that household duties were, to some extent, distasteful to her. The record also tends to show that she desired more things than the meager salary of the defendant could supply. Notwithstanding this situation, they seemed to get along fairly well until some months before the twin children were born. A little more than a year before the birth of the twins, another child was born which died at or soon after its birth. During the few months before birth of the twins, plaintiff seems to have been despondent and, perhaps, somewhat exacting, and defendant did not make due allowance for her delicate condition. They indulged in some disputes and some acrimonious statements. We think that plaintiff, owing to her depressed condition, unduly magnified any shortcomings of the defendant, and that, in view of his wife's delicate condition, he was not as considerate as he should have been. On the whole, we agree with the findings of the district court that the evidence is insufficient to establish extreme cruelty, within the meaning of the rule above announced.

It appears that the twin children of the parties were born on the 4th of October, 1929. The action for divorce was filed 12 days later, and before the plaintiff had yet recovered from her illness, incident to the birth of the children.

We feel that plaintiff made a mistake in bringing this action. Defendant is desirous of resuming the marital relation and acknowledged that he had not been at all times as generous and indulgent in his treatment of his wife as he should have been, and insists that he has a genuine affection for her and for his children. The children need the loving care, guidance and protection of both a mother and a father. It is earnestly hoped that the plaintiff may see that, for the good of these children, she owes a duty to be forgiving and to make some sacrifice in their behalf, to the end that they may have the care to which they are entitled.

It may be observed that, in the event of the failure of the parties to become reconciled to each other, the defendant owes a duty to provide for the support of his children, and, in affirming the judgment, it is without prejudice to the right to enforce this obligation on the part of the defendant, should occasion require it.

AFFIRMED.

Dean, J., not participating in the decision.