**IN THE COURT OF APPEALS OF IOWA**

No. 19-0012
Filed March 6, 2019

**IN THE INTEREST OF K.W., K.W., and K.W.,**
**Minor Children,**

**S.J., Mother,**
        Appellant.
_____

        Appeal from the Iowa District Court for Mahaska County, Rose Anne Mefford, District Associate Judge.


        A mother appeals the district court's denial on a motion for a continuance and the district court's order to close the case. **AFFIRMED.**


        Denise M. Gonyea of McKelvie Law Office, Grinnell, for appellant mother.

        Thomas J. Miller, Attorney General, and Mary A. Triick, Assistant Attorney General, for appellee State.

        Dustin D. Hite of Heslinga, Dixon & Hite, Oskaloosa, guardian ad litem for minor children.


        Considered by Vogel, C.J., and Vaitheswaran and McDonald, JJ.

**VOGEL, Chief Judge.**

The mother appeals the district court's ruling denying her motion for a continuance and the district court's order closing the child-in-need-of-assistance case. On March 1, 2016, it was reported to the Iowa Department of Human Services (DHS) that the mother was using drugs and failing to provide proper supervision for her three children, K.W., born in October 2010; K.W., born in April 2012; and K.W., born in June 2014. On March 18, the mother tested positive for marijuana and the father tested positive for marijuana and methamphetamine. Hair-stat tests on the children were positive for marijuana or for marijuana and methamphetamine. The children were removed and placed in the care of their maternal grandmother and adjudicated children in need of assistance. Reunification services were offered to both parents.

With the father showing progress, custody of the children was placed with him following the March 7, 2017 permanency hearing. At a permanency review hearing on February 7, 2018, the district court found the mother continued to be dishonest and was "unwilling to follow through with the substance-abuse and mental-health treatment that she desperately need[ed]." The district court also noted she "ha[d] a great deal of work to do before she can safely progress beyond supervised visitations with the children." The district court ordered the children to remain in the father's custody under the protective supervision of DHS.

By December 2018, DHS recommended the case be closed. A hearing was scheduled for December 18. The mother filed a pro se motion for a continuance at 4:30 p.m. on December 17. Her motion stated she "fired" her attorney and requested a continuance until she could obtain new counsel. At the December 18

hearing, with the mother's same attorney present, the district court denied the motion because it found "no lack of competency" on the part of the mother's attorney and determined the motion was untimely. The district court said, "In fact, the Court ha[d] seen only extreme competency in [the attorney's] representation of Mother." After a short hearing, the district court closed the case, allowing the children to remain in the father's custody. The mother appeals.

First, the mother argues the district court should have granted her motion to continue. "We review a motion for continuance under an abuse of discretion standard and will only reverse if injustice will result to the party desiring the continuance. Denial of a motion to continue must be unreasonable under the circumstances before we will reverse." *In re C.W.*, 554 N.W.2d 279, 281 (Iowa Ct. App. 1996) (citation omitted). The mother's motion for a continuance asserted her counsel was incompetent. The district court disagreed and found counsel performed with "only extreme competency." The district court also found the motion was untimely. At the hearing, when given the opportunity to explain why she sought a continuance or what evidence she would intend to present at a future date, the mother stated, "I will plead the Fifth on that for now." When asked if there were any services DHS could offer her, she responded, "I don't know that I can fairly answer that." We find the district court did not abuse its discretion in denying the mother's motion to continue.

Second, the mother asserts the district court was required to make a best-interests-of-the-children determination prior to closing the case, and had it made such determination, it would have found closing the case was improper. "Our review of child in need of assistance proceedings is de novo." *In re K.N.*, 625

N.W.2d 731, 733 (Iowa 2001). The Iowa Code provides a court may terminate a dispositional order and close the case if the court finds any of the following:

> a. The purposes of the order have been accomplished and the child is no longer in need of supervision, care, or treatment.
> b. The purposes of the order cannot reasonably be accomplished.
> c. The efforts made to effect the purposes of the order have been unsuccessful and other options to effect the purposes are not available.
> d. The purposes of the order have been sufficiently accomplished and the continuation of supervision, care, or treatment is unjustified or unwarranted.

Iowa Code § 232.103(4) (2016). At the conclusion of the December 18, 2018 hearing, the district court summarized its reasoning for closing the case:

> The Court finds the recommendation for case closure is appropriate. We've worked for almost three years offering services. . . . [N]othing has really changed with Mother's situation over that time. I don't know that, as we sit here today, Mother is willing to get any substance abuse treatment. The children are safe, and there are provisions in place to keep them safe through the District Court . . . .
> . . . .
> . . . . I will now close the case.

After a de novo review of the record, we agree with the district court's dismissal of the case. We affirm without further opinion pursuant to Iowa Court Rule 21.26(1)(e).

**AFFIRMED.**