DEWITT K. ELLINGWOOD, APPELLEE AND CROSS-APPELLANT, V. GEORGE D. SCHELLBERG ET AL., APPELLANTS: SCHELLBERG SAND & GRAVEL COMPANY, CROSS-APPELLEE.

FILED MAY 8, 1931. No. 27741.

*Swarr, May & Royce* and *Fradenburg, Stalmaster & Beber,* for appellants.

*Saxton & Hammes* and *John E. Eidam, contra.*

Heard before GOSS, C. J., ROSE, DEAN, GOOD, EBERLY, DAY and PAINE, JJ.

GOOD, J.

This is an action in equity, seeking specific performance of an oral contract respecting issue of capital stock of the Schellberg Fremont Sand & Gravel Company, and for an

accounting by the defendant Schellberg Sand & Gravel Company for commissions alleged to have been earned in the sale of sand and gravel. Defendants admit that there was an oral contract, but allege that its terms were quite different from those claimed by plaintiff, and deny any agreement for commissions. The trial court found for plaintiff, as to the specific performance of the oral contract, and for defendants on the issue of an accounting for commissions. Defendants Schellberg and Schellberg Fremont Sand & Gravel Company have appealed, and plaintiff has attempted a cross-appeal as against the Schellberg Sand & Gravel Company.

The record discloses that in March, 1929, plaintiff had secured an option for a 10-year lease on 290 acres of land, adjacent to the Platte river, in Saunders county, Nebraska, for the mining of sand and gravel. The land was on a line of the Northwestern railroad. Defendant Schellberg was the principal owner of the Schellberg Sand & Gravel Company, engaged in the mining and sale of sand and gravel, with its plant located near Louisville, Nebraska. This plant was on lines of the Missouri Pacific and Burlington railroads. Plaintiff and Schellberg entered into an oral agreement, whereby they were to form a corporation, erect a plant for the mining and sale of sand and gravel from the Saunders county land; and, pursuant to the option, a lease on the said land for 10 years was taken in the name of Schellberg Sand & Gravel Company, but for the use of the new corporation to be organized. Later, the corporation, Schellberg Fremont Sand & Gravel Company, was organized, with Schellberg as president. The contemplated plant was erected on the land and ready for operation about the 1st of August, 1929, and was operated for the remainder of that season. After the organization of the new corporation, Schellberg, as president, caused to be issued to himself stock of the par value of $22,500. No stock was issued to plaintiff at the time. In December following plaintiff demanded to have 50 per cent. of the

stock issued to himself. Thereupon, a certificate for 72 shares, or $7,200 in face value, was issued in his name, which he refused to accept, and this action was then instituted. It appears that plaintiff paid into the corporation $7,291.73, and that Schellberg had advanced, for the purpose of erecting the plant, something like $22,500, in addition to some funds which he loaned to the corporation.

The principal controversy is over the terms of the oral contract. Plaintiff claims that his option was to be turned into the corporation at a value of $15,000; that the plant was to cost about $30,000, and that he was to turn into the corporation somewhere from $7,500 to $8,500; that Schellberg was to furnish the remaining capital; that each was to have one-half of the stock in the new corporation, and that plaintiff was to be employed as sales manager at a salary of $350 a month, and, in addition to the salary, was to be paid $2 a car for all sand and gravel sold by him for the Schellberg Sand & Gravel Company.

Defendant Schellberg admits that there was an oral contract, but claims that the option was to be turned into the new company without any consideration to be paid therefor, and that each of the parties to the oral contract was to contribute one-half of the cost of erecting the plant. He claims to have paid into the corporation $22,500, and that plaintiff has paid in but $7,200. The evidence shows that, in addition to his option, plaintiff paid in $7,291.73. The trial court decreed that, upon the payment of $208.27, plaintiff would be entitled to, and there should be issued to him, stock of the Schellberg Fremont Sand & Gravel Company, of the face value of $22,500, thus making plaintiff and Schellberg each the owner of one-half of the capital stock, and enjoined any further issue of stock except as might be ordered by the directors of the corporation.

Whether specific performance of the contract was properly awarded is a question of fact. The evidence on this question is irreconcilable. The trial court had the advantage of seeing the witnesses and observing their manner

of testifying, and this fact will be considered by this court. Plaintiff and his wife each testified, as to the terms of the contract, substantially as alleged by plaintiff, while defendant Schellberg flatly contradicted their testimony. The evidence as to the value of the option is in direct conflict. Witnesses on behalf of plaintiff testified that it was worth from $15,000 to $30,000, while those on behalf of defendants indicated that it had no value. There is some evidence tending to show that defendant Schellberg, in a written statement made by him, placed a value of $15,000 on the lease.

After careful consideration of all the evidence, we are impelled to hold that the weight thereof favors the contention of the plaintiff with respect to the contract for the formation of the corporation and issuance of capital stock.

Defendants argue that, since the evidence of plaintiff and his wife was to the effect that plaintiff should receive a commission of $2 a car for sand and gravel sold for Schellberg Sand & Gravel Company, and since the court found against plaintiff's claim for commission, it must have found that they testified falsely in this respect, and that, therefore, the whole of the testimony of plaintiff and his wife should be disregarded.

The rule of *falsus in uno, falsus in omnibus* is only applicable when it is found that a witness has wilfully testified falsely concerning a material fact, and the testimony of such witness may be disregarded, unless corroborated by credible evidence. In the instant case plaintiff's claim with respect to the formation of the corporation and issuance of stock is, to some extent, corroborated by other circumstances proved, while some circumstances proved tend to corroborate defendant Schellberg with respect to the contract for commission. Under the record, neither the trial court nor this court is required to disregard the testimony of plaintiff and his wife.

While plaintiff has attempted a cross-appeal, it was not perfected within the time prescribed by the rules of this

court and cannot, therefore, be considered. Paragraph 2 of rule 7 provides: "Coparties of appellants may join in the appeal or take cross-appeal, or any· appellee may take cross-appeal by filing with the clerk of this court, on or before the day originally fixed for the filing of appellant's brief, a præcipe which shall designate the name of each party as cross-appellant and the names of all adverse parties as cross-appellees." The præcipe was not filed until after the time originally fixed for the filing of appellants' brief. Plaintiff contends that time for filing præcipe for cross-appeal was automatically extended because appellants were granted an extension of time in which to file briefs. The time for filing præcipe for cross-appeal is not dependent upon the extension of time for filing briefs. The language of the rule will not permit of the construction contended for by plaintiff. The præcipe for cross-appeal must be filed "on or before the day *originally* fixed for the filing of appellant's brief." Plaintiff's contention would require us to entirely disregard the word "originally" contained in the rule.

No reversible error has been found. The judgment of the district court is in all things

AFFIRMED.

Day, J., dissents.