HORACE CARY ET AL., APPELLANTS, V. A. H. REITER ET AL., APPELLEES.

FILED FEBRUARY 5, 1932. No. 27890.

*George A. Munro,* for appellants.

*Nye & Nye, contra.*

Heard before ROSE, GOOD and DAY, JJ., and MESSMORE and NISLEY, District Judges.

MESSMORE, District Judge.

This is an action in the nature of a creditors' bill brought by appellants, who were plaintiffs below, to set aside certain conveyances executed by appellee herein, A. H. Reiter, to appellees Ida E. Reiter, Sophie Legband and Herman G. Reiter.

Appellants' petition alleges that they are trustees for the depositors and unsecured creditors of the former American State Bank of Kearney, appellant A. C. Wittera also being trustee for the depositors' committee for said bank; that on the 13th day of September, 1930, a judgment was rendered in the district court for Buffalo county in favor of appellants and against appellee A. H. Reiter in the sum of $3,771 and costs; that an execution had been issued on said judgment and returned by the sheriff of said county wholly unsatisfied.

Appellants further allege that appellee A. H. Reiter conveyed certain real property and chattels to Ida E. Reiter, Sophie Legband and Herman G. Reiter with intent to hinder, delay and defraud appellants; that there were pretended but no actual considerations for said conveyances; that appellees Ida E. Reiter, Sophie Legband and Herman G. Reiter knew of the indebtedness of appellee A. H. Reiter to appellants; that said conveyances were made March 4, 1930, March 6, 1930, and March 15, 1930, while the action of appellants against appellee A. H. Reiter was pending in said district court and prior to the entry of judgment therein, and that appellants obtained a judgment against appellee A. H. Reiter in said action.

Appellee Ida E. Reiter in her separate answer specifically

alleges that the northwest quarter of section 8, township 10 north, range 18 west, in Buffalo county, was occupied by herself and husband, A. H. Reiter, as their home where they had resided for several years, and she claimed a homestead exemption therein of $2,000 over and above a prior mortgage lien of $4,000 thereon.

Appellee Herman G. Reiter specifically alleges in his separate answer that appellee A. H. Reiter was indebted to him for a loan of money in the sum of $1,000 and that the same was past due and unpaid.

Appellee Sophie Legband specifically alleges in her separate answer that appellees A. H. Reiter and Ida E. Reiter were indebted to her for loans made to them and that the same were past due and unpaid.

All appellees in their separate answers specifically deny any intent to hinder and delay appellants, or any creditor, and allege that said conveyances were made in good faith and for the purpose of securing past-due indebtedness owing the respective parties by the said A. H. Reiter.

Appellants by way of a reply filed general denials to all answers.

By stipulation of the parties on the evidence it was agreed that appellants obtained a judgment against A. H. Reiter on September 30, 1930, for $3,771 and costs; that execution was issued on said judgment and returned wholly unsatisfied for want of property on which to levy.

It was further stipulated that on March 4, 1930, A. H. Reiter had title to the east half of section 14, township 9 north, range 18 west of the sixth P. M., in Buffalo county, and had had title to the southeast quarter of said land since 1915 and title to the northeast quarter thereof since 1919; that on March 4, 1930, said land was incumbered with a mortgage of $6,000 in favor of the Union Central Life Insurance Company, said mortgage covering the whole half section; that on said date A. H. Reiter and Ida E. Reiter, his wife, executed a mortgage on said land to Sophie Legband, the consideration named therein being $1,150, and being made subject to the prior mortgage of $6,000;

that on March 6, 1930, A. H. Reiter conveyed by warranty deed said land to his wife, Ida E. Reiter, which deed was recorded in the office of the register of deeds of said county, the consideration named in said deed being $3,000; that on the 15th day of March, 1930, A. H. Reiter held title to the northeast quarter of section 8, township 10 north, range 18 west of the sixth P. M., in said county, on which there was a mortgage of $4,000; that the said A. H. Reiter had held title to said land since June, 1919; that on March 15, 1930, the said A. H. Reiter conveyed said land by warranty deed to the said Ida E. Reiter, the consideration named therein being $1,000; that on March 4, 1930, appellees A. H. Reiter and Ida E. Reiter executed a bill of sale for certain chattel property to Herman G. Reiter, the consideration named therefor being $1,000; that said bill of sale was filed and recorded in the office of the county clerk of said county on March 5, 1930; that the said Herman G. Reiter is the father of the said A. H. Reiter; that the mortgage executed by appellees A. H. Reiter and Ida E. Reiter on the east half of section 14, township 9 north, range 18 west of the sixth P. M., in said county, was recorded in the office of the register of deeds March 6, 1930, being the $1,150 mortgage given by them to Sophie Legband; that the deed to the northeast quarter of section 8, township 10 north, range 18 west, in said county, was recorded in said office on the 15th day of March, 1930; that the deed to the east half of section 14, township 9 north, range 18 west, in said county, was recorded in said office on the 6th day of March, 1930; that appellee Sophie Legband is the mother of the said Ida E. Reiter and resides in Dodge county, Nebraska; that the indebtedness upon which said judgment was entered was evidenced by two promissory notes executed by appellee A. H. Reiter to the said American State Bank prior to the time of the filing of said petition; that said petition was filed in the district court for Buffalo county February 15, 1930, and that summons in said action was served on the said A. H. Reiter February 18, 1930; that the indebtedness on which the judgment was

based was incurred by Reiter on two different dates, the first being the 6th of March, 1929; that both notes were renewals of prior indebtedness and for new money received, and dated March 6, 1929, and June 4, 1929.

The material evidence, in addition to that contained in the stipulation which has been quite fully set out, discloses that in the spring of 1929 Herman G. Reiter loaned $1,000 to his son, A. H. Reiter. The check for $1,000 and the note he took from his son as evidence of this indebtedness were received in evidence. On March 4, 1930, this note was paid by a bill of sale covering certâin chattels as set forth in the stipulation. Herman G. Reiter testified that he sold 10 head of the calves covered by this bill of sale for $292.95, net, and with the proceeds paid certain interest for the benefit of his son and other expenses, such as $25 attorney's fee to Fred Nye, and kept $20.15 of this money for himself. The remainder of the cattle and implements included in the bill of sale stayed in the possession of A. H. Reiter and he used the same and received the income therefrom with the permission of his father.

Ida E. Reiter testified that she and appellee A. H. Reiter were husband and wife and had been married for 15 years and lived on the northeast quarter of section 8, aforesaid, for the past 4 years; that said quarter was mortgaged for $4,000, and that she had inherited $5,291.23 from her father's estate when she. was 18 years old and before she was married. She testified further that a $900 check made under date of March 22, 1915, was given by her to her husband; that he used some of it to pay on the land (it developed later on in the evidence that this money was used to buy stock and implements) ; further, that an $800 check which she gave to Cochran and Miller (exhibit 5) was used to pay on the southeast quarter of the land in question, and also that a $700 check, dated February 1, 1916, was used as a payment on the half section of land described in the stipulation; that on June 24, 1919, she gave a check to Colbert and Reynolds for $1,000 (exhibit 7) ; that this amount was applied on the purchase price of

the half section aforesaid. There was some dispute in the record as to whether or not this $1,000 was paid out of the account of Ida E. Reiter, and also a check for $800, known as exhibit 8. She testified that this money was taken from a bank in Snyder, Nebraska, and that she gave her husband a check in the first instance, he in turn taking it to the City National Bank in Kearney, she having indorsed it, this creating an account in his name, and that subsequently a check was made by her which he signed; that she placed her name below his signature on the check, and that certain other notations were made on the checks later to show what they paid; that the money evidenced by all of said checks came from her separate estate. The trial court accepted this explanation.

She testified further to conveyances made to her by her husband and the dates thereof, as stated in the stipulation. In referring to the deed to the half section given her by her husband in the spring of 1930, to the question, "Why was that made?" she replied, "I never had anything to show for what money I paid on it and I thought I ought to have something to show for it." To the question, "What consideration was named in that deed?" she replied, "Why, he allowed $3,000 paid on the land, but I actually paid more than that, but he called it $3,000." Concerning the deed she received from her husband for the home quarter, to the question, "Why was that made?" she replied, "Because I paid some money on it." Concerning exhibit 8, a check for $800, dated June 18, 1919, signed by A. H. Reiter, and under it the name of Ida E. Reiter, with a notation thereon, "Miller place," the witness testified that it was a payment to A. Nelson, an agent, and applied on the home quarter. Witness' passbook was received in evidence, showing deposits of $4,152.78 between March 29, 1915, and July 6, 1916.

The witness further testified that she knew her husband owed large sums of money to the bank; that she and her husband talked to one A. C. Wittera, trustee for the depositors' committee for the American State Bank of Kear-

ney, a few days before the conveyances were executed, and that she did not mention to Wittera at that time that her husband owed her anything, nor that the instruments of conveyance from her husband to her had been signed. She further testified to the loan of Sophie Legband to herself and husband in the sum of $1,150 and to the mortgage given to the said Sophie Legband for $1,150, subject to the $6,000 mortgage, on the east half of section 14, township 9 north, range 18 west, in Elm Creek township, and also to three smaller notes of $200, $300, and $600, respectively, payable to the said Sophie Legband and given by them, which notes were taken up March 30, 1930, and the note of $1,150 given in lieu thereof and secured by the mortgage above referred to.

A. H. Reiter testified to the bill of sale given to his father; that it was a valid indebtedness; and also to a written statement given the bank; that the items therein were put down by the banker; that he had no apparent knowledge of the statement but had signed it; denied that he made statements as to the value of the property, but answered questions as to the number and amount of cattle, hogs and corn, but not as to their values; that he was not asked whether he owed any money.

A. C. Wittera testified in rebuttal for appellants to the property statement given by the said A. H. Reiter, which was received in evidence, and to the values of the lands in question, they being from $25 to $35 an acre; that Mrs. Reiter had said nothing to him about A. H. Reiter owing her money, nor had A. H. Reiter said anything to him about his owing his wife money, or that Mr. and Mrs. Reiter were indebted to Mrs. Legband at the time.

A. H. Reiter called in rebuttal for appellees denied that he made the statement that the 320 acres of land in question were valued at $17,000 or that the 160 acres were worth $9,000, as portrayed by the statement to the bank, or that the implements were worth $500; that he was never asked about any indebtedness by the person taking his statement.

Witnesses for appellees, in fixing the value of the real estate, placed the value of the half section at $25 an acre and $30 to $35 an acre for the 160 acres of land.

The trial court found generally and specially in favor of each and all of the appellees.

From the statement of facts contained in the stipulation, the evidence of the witnesses and the findings of the trial court on the facts this appeal in equity comes to this court for a trial *de novo,* as provided by section 20-1925, Comp. St. 1929.

This court has held that, when the evidence on material issues so conflicts that it cannot be reconciled, this court will consider the fact that the trial court observed the witnesses, their manner of testifying, and must have accepted one version of the facts rather than the opposite. *Shafer v. Beatrice State Bank,* 99 Neb. 317; *In re Estate of Waller,* 116 Neb. 352.

Reversible error has not been pointed out, and it follows that the decree of the trial court must be, and is hereby,

AFFIRMED.