CHERYL D. TAYLOR, ALSO KNOWN AS CHER D. TAYLOR, APPELLANT, V. JAMES E. BENTON AND DONNA F. BENTON, DOING BUSINESS AS HODGE'S BAR, ALSO KNOWN AS HODGE'S PLACE, APPELLEES.

286 N. W. 2d 755

Filed January 3, 1980. No. 42515.

Robert R. Miller, for appellant.

Michael A. Fortune of Erickson, Sederstrom, Leigh, Johnson, Koukol & Fortune, P. C., for appellees.

Heard before KRIVOSHA, C. J., BOSLAUGH, McCOWN, CLINTON, BRODKEY, WHITE, and HASTINGS, JJ.

KRIVOSHA, C. J.

Appellant, Cheryl D. Taylor (Taylor), appeals from an order entered by a three-judge panel of the Nebraska Workmen's Compensation Court which dismissed Taylor's petition. The three-judge court order found in essence that while the plaintiff sustained an accident in the course of her employment, the accident caused only slight or trivial injury to the plaintiff. Moreover, the court found that the plaintiff was suffering from a preexisting back condition or disease at the time of the accident and that the accident did not materially aggravate her disability or necessitate any of the hospital or medical treatment received by her. Rather, the court found that the disability of which the plaintiff complained, including her surgery and hospitalization, resulted as a natural progression of a preexisting condition. The record in this case discloses a clear conflict in the evidence. Our examination of the record convinces us that the three-judge court could reasonably have made the findings which it did, and therefore we are required to affirm its decision.

The evidence reflects that Taylor began working at Hodge's Bar on December 1, 1976. Her duties generally included waiting on tables, bartending, and stocking the cooler. Taylor testified that on the evening of April 3, 1977, while working at Hodge's Bar, she was engaged in stocking the cooler. She went to the stockroom of the bar to get some 12-

packs of beer stacked along one wall to be taken to the cooler. Since these 12-packs were stacked to a height above her head, she stood on her tiptoes and pushed one of 12-packs off with her fingers, planning to catch it when it fell. She testified that as it was falling, she stepped backwards and into the lower of of two empty beer kegs stacked behind her, causing the top keg to tumble over toward her and strike her on the lower left-hand side of her back. She testified that at this point she felt a sharp pain in that part of her back.

According to Taylor, she picked up and replaced the fallen keg, picked up the 12-pack and took it out of the stockroom. She testified that she spoke to her husband about the pain that night and that she could not sleep all night. She returned to work on the following two days, April 4th and 5th, although she testified that she experienced the same pain and had trouble sleeping at night. By this time, she testified, she was experiencing pain in her hip, leg, and back, the pain shooting down through her leg and into her toes.

On the following morning, April 6th, Taylor's mother-in-law drove her to the emergency entrance of Bishop Clarkson Memorial Hospital where she was examined, X-rayed, and admitted. In addition to the immediate symptom of pain, Taylor testified that by the time she admitted herself to Clarkson Hospital she had a purplish-red bruise that was turning yellowish around the edges. This bruise was in the same location of her body as where she was struck by the keg when it fell on her.

Taylor remained in the hospital for a total of 7 days, receiving physical therapy and medication. Thereafter, she was discharged from Clarkson Hospital on April 13, 1977, and called immediately from the hospital to set up an appointment with Dr. Tribulato, an orthopedic surgeon. His report, which was admitted into evidence, showed that on April 20,

1977, he examined Taylor, took X-rays, and initially diagnosed the problem as a lumbosacral strain. His reports also revealed that Taylor told Dr. Tribulato that she "was having no pain in her back recently prior to this accident of 4/3/77." Dr. Tribulato gave her medicine and set up another appointment for April 27th. At this second appointment she complained of increased pain, although an examination showed no change in her condition.

Taylor was admitted to the Midlands Hospital on April 29th and was treated conservatively but, because of the poor response to treatment, Dr. Tribulato did a myelogram on May 11th which revealed a herniated disc. Taylor eventually underwent surgery for the removal of the disc on May 17th and was released from the hospital on May 28th. Taylor's witnesses, Wanda Markem and Robert Markem, both corroborated plaintiff's account of the accident.

However, on cross-examination Taylor testified that she was involved in a car accident in 1967 in which she hurt her back. After apparently healing, she had recurrent back problems beginning in 1973 when she started working in bars doing shelf stacking, table waiting, and other work. These back problems apparently subsided in time but in December of 1976 they reappeared. The precipitating cause, once again, was stacking beer in coolers, which she was doing in another bar. She admitted she had gone to see a Dr. Anderson about her back in February of 1977 and he gave her medication for the pain. She refilled the pain medication prescription weekly after that time and returned to see Dr. Anderson about 10 days before April 3rd, at which time Dr. Anderson suggested that she see an orthopedic surgeon.

Taylor's witness, Rose Markem, also testified that she had worked with Taylor at Hodge's Bar and that before April 3, 1977, she had two conversations with

Taylor about her back. Taylor told Markem that she needed a back operation and complained about back pain. Although Taylor denied the fact, the evidence revealed that prior to the alleged accident, Taylor had checked with the workmen's compensation board in Lincoln and found out that if she had an accident, her employer's insurance would cover it. Another coworker testified that she had a further conversation with Taylor approximately 1 week before the alleged accident, at which time Taylor told her she had a car accident years ago and wasn't expected to walk. Taylor said she needed an operation but couldn't afford it. She told how she had checked with the Workmen's Compensation Court in Lincoln and was told the employer would have to pay for it if she got hurt on the job.

On Tuesday following the alleged accident, the same two ladies were talking and Taylor asked her coemployee if she would say she witnessed Taylor hurting herself while stacking beer. The witness testified that Rose Markem told her prior to April 3, 1977, that Taylor was talking of faking an accident.

Dr. Tribulato rendered an opinion, by deposition, which was admitted into evidence, to the effect that Taylor's back problems were moderately extensive and her pain and subsequent surgery were both results of the accident on April 3, 1977. He had not, however, been advised by Taylor of her earlier difficulty or the fact that she had seen Dr. Anderson.

After a hearing before a single judge of the Workmen's Compensation Court, Taylor's petition was dismissed, the court finding that her disability and surgery were due to a natural progression of a preexisting condition. She then appealed for rehearing before a three-judge panel, which was granted. The three-judge panel likewise dismissed her petition for the reasons set out earlier in the opinion.

Taylor assigns as error the fact that the three-judge panel found that the accident caused only

slight or trivial injury, and that the accident did not materially aggravate her preexisting condition and did not cause or contribute to her subsequent disability or necessitate any of the hospital or medical treatment received by her. She further claims the court erred in finding that the disability of which she complains, including her surgery and hospitalization, resulted as a natural progression of a preexisting condition.

In reviewing the action of the three-judge panel, we must keep in mind that findings of fact made by the Nebraska Workmen's Compensation Court after rehearing, have the effect of a jury verdict and will not be set aside on appeal unless clearly wrong. Newbanks v. Foursome Package & Bar, Inc., 201 Neb. 818, 272 N. W. 2d 372. Furthermore, in testing the sufficiency of evidence to support findings of fact made by the Nebraska Workmen's Compensation Court after rehearing, the evidence must be considered in the light most favorable to the successful party. Hyatt v. Kay Windsor, Inc., 198 Neb. 580, 254 N. W. 2d 92. Likewise, where, as here, the credibility of the evidence is a significant factor, we must keep in mind that the trier of fact gave credence to testimony of some witnesses rather than to contradictory testimony of other witnesses. Sherman v. Great Western Sugar Co., 127 Neb. 505, 255 N. W. 772.

The fact that the plaintiff herein had an accident resulting in an injury is not sufficient to entitle her to compensation. She must show that the accident caused some injury as a result of which the employee incurred medical expenses, and that she suffered disability or was otherwise prevented from engaging in her employment. In a workmen's compensation case such as this, the plaintiff has the burden of establishing, by a preponderance of the evidence, that the injury sustained by the employee was caused by or related to the accident and was not the result of the normal progression of the employee's

preexisting condition which would have been sustained by the employee even in the absence of the accident. Where the employee suffers an accident which causes only trivial injury and no loss to the employee either by way of medical expenses or loss of wages related to the trivial injury, the employer is not obligated to compensate the employee. Newbanks v. Foursome Package & Bar, Inc., *supra*. See, also, Brokaw v. Robinson, 183 Neb. 760, 164 N. W. 2d 461.

The evidence in this case is such that the Workmen's Compensation Court could reasonably find that the difficulty experienced by Taylor which resulted in her need for medical care and surgery was present prior to the accident on April 3. The record further discloses that Taylor incurred no expenses directly related to the accident on April 3 and that all of the expenses were as a result of a condition which the Workmen's Compensation Court could reasonably find predated the accident on April 3. We are unable to say, as a matter of law, that the findings of fact made by the Nebraska Workmen's Compensation Court were clearly wrong. Being unable to say so, we are required to affirm the decision. The judgment is affirmed.

AFFIRMED.