EDITH F. HOPE, APPELLEE, v. JOHN F. TWARLING, DEFEND-
ANT:  ANNA S. TWARLING, APPELLANT.

FILED MARCH 22, 1924.  No. 22705.

1. Husband and Wife: ACTION FOR ALIENATION: DECREE OF DI-
   VORCE: EFFECT AS EVIDENCE. In an action against a former
   mother-in-law for alienating the affections of her son from
   plaintiff, his wife, a prior decree of divorce may be admitted
   in evidence to prove marriage and the severing of conjugal re-
   lations, but it is not a former adjudication with respect to the
   subsequent cause of action and it does not operate as an es-
   toppel by judgment.

2. ———: ———: AWARD OF ALIMONY AS DEFENSE. In an ac-
   tion against a former mother-in-law for alienating the affections
   of her son from plaintiff, his wife, alimony awarded to the latter
   by a former decree of divorce is not proper matter of defense.

3. ———: ———: PROOF. In an action against a former mother-
   in-law for alienating the affections of her son from plaintiff, his
   wife, the evidence will support a verdict in favor of plaintiff,
   if it proves marriage and divorce and justifies the inference
   that defendant maliciously pursued a course of wrongful con-
   duct which eventually alienated the affections of her son from
   plaintiff and resulted in his abandonment of her without cause.

·4. ———: ———: MALICE. From repeated, deliberate, wrongful acts of a third person, resulting in the alienation of the affections of a husband from his wife and his abandonment of her without cause, malice of such third person may be inferred.

5. ———: ———: FAILURE TO INSTRUCT. In an action against a former mother-in-law for alienating the affections of her son from plaintiff, his wife, the failure of the trial court to submit to the jury the defense of parental advice is not erroneous, if there is no evidence to support a finding in favor of defendant on that issue.

6. ———: ———: ADMISSION OF EVIDENCE. In an action against a former mother-in-law for alienating the affections of her son from plaintiff, his wife, disparaging statements of the husband to the wife, when defendant was not present, may be admitted in evidence to indicate the state of his mind and his attitude toward his wife as the result of defendant's wrongdoing, if properly shown by other evidence.

APPEAL from the district court for Polk county: ED-WARD E. GOOD, JUDGE. *Affirmed.*

*Mills, Beebe & Mills* and *Sullivan, Wright & Thummell,* for appellant.

*King, Bittner & Campbell* and *Prince & Prince, contra.*

Heard before MORRISSEY, C. J., ROSE and DAY, JJ., ELDRED, District Judge.

ROSE, J.

This case, as presented on appeal, is a controversy between Edith F. Hope, plaintiff, and Anna S. Twarling, defendant. The action was one to recover $25,000 for alienation of the affections of Arthur C. Twarling, a son of defendant and the former husband of plaintiff. Defendant's son and plaintiff were married August 21, 1918. Thereafter until March 10, 1919, they made their home on a farm with the parents of the husband, when they moved about 30 rods to a home of their own. The husband left his new home July 29, 1919, and sued plaintiff for a divorce October 21, 1919. His suit was dismissed on cross-petition of

plaintiff who procured a decree of divorce from him, restoring her maiden name, Edith F. Hope, and awarding her $4,000 as permanent alimony. The present action followed, resulting in a judgment for $6,000 against defendant, the former mother-in-law, for alienating from plaintiff the affections of her former husband. Defendant has appealed.

The first assignment of error is directed to a preliminary order sustaining a motion by plaintiff to strike from the answer of defendant the allegation that the decree of divorce granted to plaintiff "$4,000 permanent alimony." Error in this respect does not seem to be shown. In an action for the alienation of a husband's affections, a prior decree of divorce may be admitted in evidence to prove marriage and the severing of conjugal relations, but it is not a former adjudication with respect to the subsequent cause of action and it does not operate as an estoppel by judgment. See cases cited in note beginning on page 943, 20 A. L. R.; *Pollard v. Ward,* 20 A. L. R. (289 Mo. 275) 936. Defendant in the present action was not a party to the former suit for divorce and is not entitled to any fruits of that litigation. The duty of a husband to pay for the support of a wife whose conjugal rights were destroyed by him without cause, as "alimony," is defined in *Greene v. Greene,* 49 Neb. 546, is not the same as the liability of a third person to respond in damages for alienating his affections. The action by plaintiff against her former mother-in-law to recover damages for the alienation of her son's affections is based on the loss of the husband's companionship and other connubial rights or consortium, a loss not compensable in the form of alimony. 30 C. J. 1123, secs. 976, 977. In this view of the law error in striking from the answer the reference to alimony is not shown. For the same reasons proof of the amount of alimony received by plaintiff was properly excluded at the trial.

It is next argued that the evidence is insufficient to support the verdict. There is a reasonable view of the testimony in which it justifies the inference that defendant

designedly and continuously pursued a hostile course toward plaintiff as a wife, casting bitter and unjust reflections upon her social and pecuniary standing, intelligence, veracity, cleanliness, common sense, worthiness and other attributes prized by a husband, and that this wrongful conduct operated on the mind of her son, interfered with his marital relations and alienated his affections from his wife. From the wrongful acts proved the jury were justified in inferring malice. There does not seem to be a sufficient reason for setting aside the verdict on the ground that it is not supported by the evidence.

The instructions are criticised because the jury were not directed that defendant, owing to her natural solicitude for the happiness and welfare of her son, acting honestly and in good faith with that end in view, had a right to give him maternal advice. This is a futile criticism, for the reason that defendant did not prove the defense of parental advice. On the contrary, she took the position that she said and did nothing to alienate the affections of her son. In effect she so testified.

It is finally insisted that the trial court erred in permitting plaintiff to testify to disparaging statements made to her by her husband at times when defendant was not present. The circumstances were such as to make the statements admissible. There was testimony tending to prove that defendant, in the presence of her son, had made offensive remarks concerning plaintiff. How they affected his mind, and his resulting attitude toward plaintiff were material inquiries. There was therefore no error in admitting the statements. There is abundant authority for this conclusion.

There does not seem to be any meritorious ground for setting aside the verdict or for reducing the amount of the recovery.

AFFIRMED.