AUGUSTUS W. DUNBIER, APPELLEE, v. CARL MENGEDOHT ET AL., APPELLANTS.

FILED MAY 2, 1930. No. 27109.

*Morsman & Maxwell* and *John A. McKenzie,* for appellants.

*Lovely & Lovely* and *O'Sullivan & Southard, contra.*

Heard before GOSS, C. J., DEAN, GOOD, THOMPSON and EBERLY, JJ., and FITZGERALD and WILLIAM G. HASTINGS, District Judges.

HASTINGS, District Judge.

This action was commenced in the district court for Douglas county, by Augustus W. Dunbier, as plaintiff against Carl Mengedoht, William Mengedoht, Bertha Mengedoht, Max Rapp, and Elsie Rapp, as defendants, to recover damages for the alleged intentional and malicious alienation of the affections of his wife, Augusta A. Dunbier. The defendants, appellants, are the two brothers, stepmother, brother-in-law, and sister of the wife of plaintiff, appellee. Trial was had to a jury and a verdict returned against all of the defendants, assessing plaintiff's damages at $5,000. Judgment was entered on the verdict.

The defendant Bertha Mengedoht filed a separate motion for a new trial and the other defendants joined in a separate motion; both motions were overruled. The defendant Bertha Mengedoht has appealed separately and files a separate brief containing separate assignments of error; the other defendants jointly appeal.

The petition in substance alleges that the plaintiff and Augusta A. Dunbier were married on October 12, 1917; that plaintiff at the time of his marriage was a painter of portraits and landscapes; that after his marriage he continued his career as such painter; that sometime prior to January 31, 1924, while plaintiff was living happily and contentedly with his wife at the home of his wife's parents and enjoying her love and affection, the defendants conspired and confederated together with the wicked, malicious and wrongful purpose of interfering with the marriage relation existing between plaintiff and his wife and alienating her affections; that the defendants and each of them,

in furtherance of such conspiracy, by means of the acts alleged therein, alienated the affections of plaintiff's wife from him, caused her to separate from and leave plaintiff on the 29th day of January, 1926, and to go to Seattle where the defendant Carl Mengedoht was living, and induced her to file suit for a divorce on the 24th day of May, 1926, and to obtain a decree of divorce from plaintiff on the 11th day of January, 1927.

Defendants by their separate answers allege, as one of their defenses, that on the 24th day of May, 1926, plaintiff's wife brought an action against him for a divorce, and on the 11th day of January, 1927, she was granted a decree of divorce on the ground of extreme cruelty; that said decree is final and was and is a complete defense and bar to plaintiff's cause of action. The right of plaintiff's wife to a divorce was contested by plaintiff. On the trial defendants introduced the divorce decree in evidence. It is contended by counsel for defendants that the decree of divorce is an adjudication between Dunbier and his wife, to the effect that Dunbier's wrongful acts, his cruel treatment of his wife, caused the loss of the love and affection of his wife for him and all rights of the consortium of his wife. In other words, that the decree of divorce obtained against plaintiff by his wife is a complete bar to plaintiff's cause of action against third parties for alienating her affections. The contention is based upon the provisions of section 8837, Comp. St. 1922, as amended by chapter 75, Laws 1925. The amendment was made by adding the following to said section:

"Provided, however, the wife shall be a competent witness against the husband in all prosecutions arising under section 9584, Compiled Statutes of Nebraska for 1922; and either of them may be a witness against the other in any action brought by either husband or wife against a third person, relating to the marriage relationship between such husband and wife, or the interruption of such relationship; and any decree of divorce by one against the other shall be competent as evidence in any action by one of them

against a third person relating to such marriage relation or to the interruption thereof or interference therewith."

A determination of the question involved depends upon the meaning to be given to the phrase, "any decree of divorce by one against the other shall be competent as evidence." Unless the rule has been changed by the statute under consideration, the authorities are practically unanimous in holding that a decree of divorce is not a bar to an action by the husband against a third person for the prior alienation of his wife's affections, though the divorce be granted to the wife for the misconduct of the husband; the decree not being *res judicata* with respect to the husband's cause of action and not operating as an estoppel by judgment. 9 R. C. L. 496, sec. 317; 13 R. C. L. 1468, sec. 518; note, 20 A. L. R. 943.

The decree in a divorce action is only a judgment *in rem* so far as it effects the status of the parties, and thus far is an adjudication as against the world. As a judgment *in rem* it is admissible in evidence in this kind of an action to establish the prior existence of the marriage and its dissolution; in all other respects the judgment is *in personam* and binds only the parties thereto. A judgment *in personam* is not an adjudication or an estoppel by judgment in favor of strangers. We have held:

"A judgment record cannot be used in favor of a stranger to establish facts recited in the judgment unless such finding is based on an admission made by the party against whom it is sought to be used." *Sickler v. Mannix,* 68 Neb. 21.

And in *Hope v. Twarling,* 111 Neb. 793 it is said: "A prior decree of divorce may be admitted in evidence to prove marriage and the severing of conjugal relations, but it is not a former adjudication with respect to the subsequent cause of action and does not operate as an estoppel by judgment."

That case was decided about a year before the statute was amended. The rule announced is in accord with the great weight of authority and is supported by reason. An

action for divorce and one for alienation of affections are not the same, nor are they between the same parties. In this case plaintiff's cause of action arose before the commencement of the divorce action. The acts of the defendants complained of could not have been set up as a defense in the divorce action. Plaintiff may have been guilty of extreme cruelty and still the acts of the defendants the controlling cause of the alienation of his wife's affections and their separation. The wife may have had grounds for a divorce and not elected to avail herself thereof, but for the alleged acts of the defendants. The general rule is:

"On the other hand, a husband may maintain an action for the alienation of his wife's affections where the defendant's conduct was the controlling cause which led to the wife's estrangement, although other causes may have contributed thereto. Hence, where cruelty or other misconduct on the part of the husband is only a subsidiary cause of the alienation he is not thereby barred from recovery." 13 R. C. L. 1464, sec. 513. See 30 C. J. 1124, 1125, secs. 981, 982.

The statute does not provide for what purpose the decree shall be "competent as evidence." The statute does not provide that the decree shall be competent as evidence against a plaintiff in this kind of an action and in favor of a third party so as to operate as a bar to his cause of action against such third party. If the legislature had intended it to accomplish that particular end it would have been a very simple matter for it to have employed appropriate language with which to express such intention. To hold that the legislature intended the decree to operate as a bar would be to read an element into the statute that is not there. It will not be presumed, from the language used, that the legislature intended to set aside well-established rules of law. We hold that the decree was not competent as evidence in an action of this kind in favor of a third party, a stranger thereto, to prove an adjudication or an estoppel by judgment, except so far as it oper-

ated as a judgment *in rem*, and that it did not operate as a bar to plaintiff's cause of action. The decree was admitted in evidence, and the defendants had the full benefit of the findings therein against the plaintiff without any limitation placed on the consideration thereof by the trial court, except the refusal to instruct the jury that such decree, as a matter of law, was a bar to plaintiff's action. In such refusal error was not committed.

The defendants, other than Bertha Mengedoht, assign as error the refusal of the trial court to direct a verdict in their favor on the ground that plaintiff's cause of action is, in part, based upon an illegal and immoral transaction. The question raised by these defendants is not assigned as error, nor is it discussed in the brief of the defendant Bertha Mengedoht. The illegal and immoral transactions upon which error is predicated are: That plaintiff participated in two illegal abortions committed upon his wife, the first in April, 1918, and the second in March, 1919. It appears from the testimony of plaintiff that, with the consent of his wife and at the insistence of the defendant Bertha Mengedoht, he participated in two illegal abortions performed upon his wife by a doctor in the city of Omaha. The rule of law is well settled that no court will lend its aid to a litigant who founds his cause of action upon an immoral or illegal act, and if it was necessary for plaintiff to prove said abortions in order to establish his case, either in whole or in part, then he cannot recover. Where, however, he can maintain his cause of action without the aid of an illegal or immoral act he is entitled to recover. This is the general rule and the rule announced by this court in the case of *In re Estate of Lowe*, 104 Neb. 147. The general rule is well stated in the case of *Frost v. Plumb*, 40 Conn. 111, where that court said:

"We understand the rule to be this: The plaintiff cannot recover whenever it is necessary for him to prove, as a part of his cause of action, his own illegal contract, or other illegal transactions; but if he can show a complete cause of action without being obliged to prove his own

illegal act, although such illegal act may incidentially appear, and may be important even as explanatory of other facts in the case, he may recover. It is sufficient if his cause of action is not essentially founded upon something which is illegal."

It is claimed by counsel for defendants that the petition alleges said acts of abortion as part of the acts upon which plaintiff bases his claim and call attention particularly, in connection therewith, to paragraph 8 of the petition. A careful examination discloses no such allegations. The illegal acts complained of took place long before there is any evidence that there was any concerted or individual action on the part of the defendants to alienate the affections of plaintiff's wife. In fact, up to the time just before the death of the father of plaintiff's wife, in January, 1924, there is no evidence that would indicate that the defendants, either individually or collectively, had done anything that could be construed as a design or purpose to alienate the affections of plaintiff's wife and cause her separation from him. Proof of the acts of abortion performed upon plaintiff's wife were not necessary nor proper to prove any part of his case. Therefore, it was not error to refuse to instruct the jury to return a verdict in favor of the defendants on account thereof.

The giving of instruction No. 4 is assigned as error by the defendant Bertha Mengedoht. The trial court, after correctly instructing the jury upon the law of conspiracy, gave instruction No. 4, to the effect that the failure to establish a conspiracy would not defeat plaintiff's right of action nor his right to recover, but that the action might proceed for the recovery of damages against such of the defendants, if any, as were shown to be guilty of the wrongful acts complained of. The instruction correctly states the law. The rule in this state is:

"In an action for a conspiracy, the damage, and not the wrongful confederation, is the gist of the action." *Commercial Union Assurance Co. v. Shoemaker,* 63 Neb. 173.

And in *Harvey v. Harvey,* 75 Neb. 557, it is said:

"Where several defendants are proceeded against as conspirators in the commission of a tort, which would be actionable if committed by one alone, a judgment against one or more of such defendants may be sustained without proof of a conspiracy among all of them." Also, see *Booker v. Puyear,* 27 Neb. 346; 5 R. C. L. 1190, sec. 41; 2 R. C. L. Perm. Supp. 1586, sec. 41, par. 16; 12 C. J. 646, sec. 257; *Jones v. Monson,* 137 Wis. 478; *Ratcliffe v. Walker,* 117 Va. 569.

The tort alleged in the petition would be actionable if committed by one of the defendants alone, and the allegations of the petition are sufficient to sustain a judgment against one or more of the defendants participating in the wrongs complained of, without proof of a conspiracy. Counsel for defendants cite *Reid v. Brechet,* 117 Neb. 411, as authority in favor of their contention. The case does not support the contention made, nor is it in conflict with the authorities cited.

The defendant Bertha Mengedoht claims that error was committed in permitting the plaintiff, over objections of the defendants, to testify that just prior to his marriage plaintiff conferred with the defendants about his marriage and told them, in substance and effect, that he had no money, that he was an artist, that he would not earn any great amount of money for a number of years, and that he could not be expected to earn any money until he had pursued his art studies for a number of years; that all the defendants then said, "That's all right, go ahead and get married," and, when the question arose how the new bride and groom were to live, that Bertha Mengedoht said, "Stay right here." It is also claimed by all of the defendants that the giving of instruction No. 11, limiting the purpose for which that evidence might be considered, was error. In that instruction the jury were instructed in effect that such evidence was admitted for the sole purpose that it might tend to show good faith or lack of good faith of the defendants in giving advice or counsel to plaintiff's wife after her marriage to plaintiff, and that if they found that any such conversation took place, as related by plaintiff, they

would give such testimony such weight as they believed it entitled to as bearing solely upon the question of good faith or the lack thereof; and if they did not believe that such conversation or conversations took place or that, if they did, that same had no evidential value on that question, they should entirely disregard any and all of such conversations testified to by plaintiff. Where evidence is admissible for a certain purpose, it is proper for the trial court, by instruction, to limit it to the purpose for which it was admissible. *Salistean v. State,* 115 Neb. 838. The giving of the instruction was entirely proper and it would seem to be very favorable to the defendants. It was entirely proper to show the situation of the parties immediately before and at the time of the marriage; the feelings of the plaintiff and the defendants toward one another at that time; that plaintiff explained his situation fully, financially and as an artist; that defendants, knowing the same, were satisfied to have the marriage take place. The evidence tended to show that the defendants were not opposing the marriage, either on financial grounds or otherwise. We are unable to discover anything in the evidence complained of, or the giving of instruction No. 11, that was in any way prejudicial to the defendants.

The defendants, other than the defendant Bertha Mengedoht, in their brief discuss claimed errors occasioned by the admission of certain evidence and which are not discussed in the brief of the defendant Bertha Mengedoht. An examination of the record discloses that the rulings on the admission of the evidence complained of was not called to the attention of the trial court in the separate motion for a new trial filed by said defendants, either by general or specific assignments therein. The motion for a new trial does not even contain the usual assignment of "errors of law occurring at the trial." The record being in that condition, the rulings on the admission of the evidence complained of cannot be reviewed. *Flower v. Nichols,* 55 Neb. 314; *First Nat. Bank v. Hedgecock,* 87 Neb. 220; *Waxham v. Fink,* 86 Neb. 180.

It is insisted by all the defendants that the evidence is not sufficient to support the verdict. It is not practical to even outline the evidence. The evidence is contained in three volumes of over 1,400 pages. We have read the evidence and given it careful consideration. The evidence is in hopeless conflict. The evidence on behalf of the plaintiff seems to sustain all of the essential allegations of his petition, while the evidence on behalf of the defendants put in issue the truth of such evidence on behalf of plaintiff. The matters in issue were peculiarly within the province of the jury to determine. If the testimony of plaintiff and his witnesses were believed, then a verdict for plaintiff was proper; otherwise, if defendants and their witnesses were believed. The credit to be given to the several witnesses and the weight to be given to their testimony were matters entirely for the determination of the jury. The jury had the advantage of the opportunity to see and note the conduct and demeanor of the several witnesses while testifying, their apparent bias or want of bias, and it may be that the conduct and demeanor of the several witnesses while testifying prompted the jury to return the verdict they did. The testimony of one truthful witness may outweigh the testimony of many others whose appearance and testimony do not carry with it a conviction that it is true.

It appears from the statements in the briefs that this case has been submitted to two juries and both juries, on the evidence found for the plaintiff. This is entitled to some consideration. From a consideration of all the evidence, we hold that it is sufficient to sustain the verdict. From the record before us it appears that the case was fairly tried and properly submitted to the jury for their determination. We have given all the questions properly raised and discussed in the briefs by defendants careful consideration and find no prejudicial error. It follows, from what has been said heretofore, that the judgment of the district court should be and is hereby

AFFIRMED.