R. A. BOEHMER, ADMINISTRATOR, APPELLEE, V. HENRY HEINEN ET AL., APPELLANTS.

293 N. W. 237

FILED JULY 5, 1940. No. 30829.

*Mockett & Finkelstein,* for appellants.

*Boehmer & Boehmer, contra.*

Heard before SIMMONS, C. J., ROSE, EBERLY, PAINE, CARTER, MESSMORE and JOHNSEN, JJ.

SIMMONS, C. J.

This is an action to foreclose a real estate mortgage. Plaintiff is the administrator with the will annexed of the estate of Hinrich Heinen. The defendants Henry Heinen and wife are the owners of the premises involved, subject to two mortgages; the defendant Martel State Bank is the owner of a junior mortgage; the defendant George Asseln is alleged to be the executor of the Hinrich Heinen estate appointed in Germany.

Plaintiff's petition, in the usual form, alleges his official capacity; that the note and mortgage were executed and delivered to Hinrich Heinen; that the same has not been paid; that he as administrator is entitled to the assets of the estate and is the only person entitled to collect the same; that Hinrich Heinen died in Germany in 1935; that Asseln was appointed executor in Germany; that the note and mortgage are in the possession of Asseln and he has refused to surrender the same to plaintiff. Plaintiff prays for the foreclosure of the same, and that the defendants be barred from any title or interest in, or lien upon, said premises. Defendants Henry Heinen and wife answered by a general denial. Defendant bank answered by general denial and cross-petitioned to foreclose its mortgage. Asseln did not appear in the action. It is assumed in the briefs that service by publication was had upon him as provided by section 20-517, Comp. St. 1929. The transcript does not show that service.

The trial court entered a decree foreclosing the mortgage, decreeing it to be a first lien, foreclosing defendant bank's mortgage, decreeing it to be a second lien, providing that, if the amount found due be not paid within 20 days, the premises be sold, barring defendant Asseln of all interest in, or lien upon, the premises, and enjoining him from instituting any suit or action upon the note or mortgage foreclosed by plaintiff. Defendants Heinen appeal.

Defendants contend that the foreign executor is the only party who can bring the action to foreclose the mortgage.

Section 30-807, Comp. St. 1929, provides:

"An executor or administrator duly appointed in any other state or county may commence and prosecute any action or suit in any court in this state, in his capacity of executor or administrator, in like manner and under like restrictions as a nonresident may be permitted to sue: Provided, in case any executor or administrator shall have been appointed in this state, such person only shall be entitled to commence and prosecute actions or suits within this state in his capacity as such executor or administrator."

It is patent that any action to foreclose the mortgage must be brought in Lancaster county (see Comp. St. 1929, secs. 20-401, 20-2139). An administrator has been appointed in this state. Assuming that the note and mortgage are assets of the estate, it necessarily follows that such administrator is the only person entitled to commence and prosecute an action for the foreclosure of the mortgage. The statute is controlling. Discussions of this subject may be found in 24 C. J. 1119; 21 Am. Jur. 857, sec. 868; *Smith v. Normart,* 51 Ariz. 134, 75 Pac. (2d) 38, 114 A. L. R. 1456, 1461.

The defendants' general denial put plaintiff upon proof of the material allegations of his petition. Plaintiff proved that he was appointed administrator with the will annexed of the estate of Hinrich Heinen; that the note and mortgage were executed and delivered in 1923; that the debt was due and payable in 1933; that subsequent to 1923 the mortgagee removed to Germany, taking the note and mortgage with him; that defendant bank collected interest on the note down to and including that due in 1931 and transmitted it to the mortgagee in Germany, and that two additional payments were made in 1935 and 1936 and were transmitted to the mortgagee in Germany. Plaintiff testified that the defendant Henry Heinen on numerous occasions had admitted the indebtedness and his liability thereon. The defendant did not deny that statement, although represented by counsel at the trial. The proof is sufficient as to the execution and delivery of the note and mortgage.

Plaintiff on cross-examination admitted that he did not have and never had had the note and mortgage in his pos-

session; and did not know whether it had been assigned or sold by the mortgagee, although he was positive in his own mind that it had not been disposed of by the mortgagee or by any one representing him. This conclusion is based upon correspondence to which reference will hereafter be made.

Defendants contend that before a foreclosure decree can be entered, it is necessary that the note be offered in evidence for the purpose of cancelation, and that the defendant mortgagors cannot be called upon to pay the same until that is done. The danger of suit by a third person is present even in cases where the evidence in a foreclosure action discloses that the note has been lost and foreclosure is decreed. The possession and production of the note for cancelation is not an absolute requirement as a basis for a decree. See *Western Securities Co. v. Naughton,* 124 Neb. 702, 248 N. W. 56. When and if it is established by competent evidence that the note remained in the hands of the mortgagee until his death and is now in the possession of his executor in Germany, we think, under the circumstances here existing, that proof on that point is sufficient to support the decree without the production of the note itself for cancelation.

Over defendants' objection that no proper foundation was laid, there was received in evidence on behalf of plaintiff: (1) Two typewritten exhibits purporting to be copies of translations of letters from Asseln to plaintiff, referring to the death of Hinrich Heinen in 1935, this debt, and the possession of the papers; (2) a typewritten exhibit (undated) purporting to be a copy of a translation of a letter from one Buppelmann to one Welk (not otherwise identified), referring to this indebtedness; (3) a typewritten exhibit purporting to be a copy of a translation of a letter from one Buppelmann to the American Consulate at Bremen, regarding property matters, but making no reference to this estate in the body thereof; (4) a typewritten statement purporting to show this indebtedness to have been inventoried in the estate of Heinen in Germany. Plaintiff further offered a typewritten exhibit purporting to be a copy of the

will of Heinen and the probate proceedings thereon in Germany. This last exhibit is not authenticated as required by section 20-1288, Comp. St. 1929. No foundation whatever was laid for the introduction of these exhibits, and their admission was error. Plaintiff has failed to prove material allegations of his petition, and in particular has failed to prove the ownership and possession of the note and mortgage by the estate of Hinrich Heinen. Defendants assign as error that the decree is not supported by the evidence. The assignment is good. We are not at liberty to assume that those facts were conceded at the trial as they do not appear in the record. We recognize the difficulties involved in securing this proof, but the failure to prove material allegations which are denied cannot be excused for that reason.

The case will accordingly stand reversed and remanded for a new trial as to all issues presented.

REVERSED.