R. A. BOEHMER, ADMINISTRATOR, APPELLEE, V. HENRY HEINEN ET AL., APPELLANTS.

9 N. W. (2d) 216

FILED APRIL 9, 1943. No. 31506.

*Mockett & Finkelstein* and *Thomas M. Davies*, for appellants.

*Boehmer & Boehmer* and *Field, Ricketts & Ricketts*, contra.

Heard before SIMMONS, C. J., ROSE, EBERLY, PAINE, CARTER, MESSMORE and YEAGER, JJ.

CARTER, J.

The plaintiff, as administrator with the will annexed of the estate of Hinrich Heinen, deceased, commenced this suit to foreclose a first mortgage on lands belonging to the defendants Henry Heinen and wife. The defendant Martell State Bank is the owner of a junior mortgage. The trial court entered a decree to the effect that plaintiff as administrator had a first lien and the Martell State Bank a second lien on the lands in question and ordered a sale thereof to satisfy the decree. The defendants Heinen appeal.

This is the second appearance of this case in this court, the first opinion being *Boehmer v. Heinen,* 138 Neb. 376, 293 N. W. 237. The principal facts are set forth in the former opinion and will not again be recited here. The substance of the former opinion was that, even though it was not necessary for plaintiff to produce the note for cancelation in order to obtain a decree foreclosing the mortgage, it was necessary to establish by competent evidence that the note or the debt it represented was owned by the mortgagee until his death, and by the executor of his estate in Germany at the time the decree was entered. The evidence was held insufficient to establish these essential facts and the judgment was reversed and the cause remanded for a new trial for this reason. The case is here again after a second trial in which plaintiff attempts to supply the additional evidence necessary to obtain a valid decree. The defend-

ants again contend that the evidence is insufficient to make a case.

In an attempt to prove that the ownership of the note and mortgage was in the estate of Hinrich Heinen, plaintiff offered in evidence a number of exhibits consisting principally of letters. Some of the letters were written by one Asseln, the administrator of the estate of Hinrich Heinen in Germany. These letters were written in 1937, and while one might assume from them that the note and mortgage were in the hands of the administrator at the time the letters were written, farther than that they do not go. Proof of Asseln's appointment as executor in Germany is lacking. In so far as the competent evidence adduced is concerned, he is a stranger to the proceedings. The letters are, therefore, clearly hearsay. Plaintiff contends that the note and mortgage having once been owned and in the possession of the estate, the presumption is that the estate remained the owner, citing *Bank of Stockham v. Alter*, 61 Neb. 359, 85 N. W. 300. We do not think that case is in point in the matter now before us. In the present case the execution and delivery of the note and mortgage is not admitted as in the *Bank of Stockham* case and there is no competent evidence in the record that plaintiff, or any persons in privity with him, was the owner of the note and mortgage at any given time. Assuming that the rule announced in the *Bank of Stockham* case is correct, it cannot for the reasons stated have any application here.

Letters from the American Consul General at Bremen, Germany, in reply to letters written by the plaintiff, purporting to recite the results of inquiries made with reference to the estate of Hinrich Heinen and particularly to the note and mortgage involved here, were admitted in evidence over objection. We think this evidence was purely hearsay and as such improperly admitted.

Plaintiff also offered in evidence two letters from one Johs. Buppelmann, a resident of Germany, one of which was directed to the American Consul General at Bremen, Germany, and the other to Margaret Wells, a foster daugh-

ter of Hinrich Heinen, the deceased. Buppelmann appears to have been an officer of the court in Germany having jurisdiction of the probate of the will of Hinrich Heinen in Germany. It appears to us that these letters were improperly admitted in evidence on the issue before the court. Their admission clearly violates the hearsay rule.

The letters of the plaintiff to Asseln and Buppelmann also appear in the record. It is quite evident that these letters, as well as the oral evidence of plaintiff on the question of the ownership and possession of the note and mortgage, were self-serving statements based on hearsay evidence and improperly admitted for that reason.

A party to an action is not bound by the statements of a person who occupies toward him no relation of privity, agency or joint interest. The letters offered were not authenticated in any way, and as to the letters received from the American Consul General and Buppelmann, they were from strangers to the litigation. As such, they were clearly inadmissible.

Any statement, oral or written, the persuasiveness or probative value of which depends partly or wholly on something other than the credit to be given to the witness testifying or the instrument which contains it and renders necessary a resort to the veracity and competency of some other person, is hearsay and not properly admissible as evidence. *Dier v. Dier,* 141 Neb. 685, 4 N. W. (2d) 731. Such evidence deprives the parties of the right to cross-examine the person or persons having actual knowledge of the facts to be proved as well as to their right to have the court or jury observe their conduct and demeanor while testifying.

Numerous cases are cited by the appellants in support of their objections that the evidence in question was improperly admitted under the hearsay rule. We think the rule is so clearly established in this jurisdiction that it needs no further citation here.

Plaintiff cites authorities to the effect that one of the exceptions to the hearsay rule is that declarations against interest by a party to the record are properly admissible in

evidence.  We agree with this statement as a general proposition, but it has no application here.  The instruments offered in this case to which this rule might apply contain self-serving declarations only.  They contain no admissions against interest which tend to prove the necessary elements of plaintiff's case.

After an examination of the record we find that there is no competent evidence that the estate of Hinrich Heinen was the owner of the note and mortgage sued on at the time the case was heard.  There is therefore a failure of proof upon a necessary element of the cause of action which requires that the judgment of the district court be reversed and the cause remanded for further proceedings.

REVERSED.